**GOMILLION et al. v. LINGOLD.**

No. 11953.

Court of Civil Appeals of Texas. Galveston.
Feb. 18, 1948.

Rehearing Denied March 11, 1948.

Devereaux Henderson and John A. Croom, both of Houston, for appellants.

Adams & Morgan, of Crockett, for appellee.

CODY, Justice.

This is a plea of privilege case. It involves this question: Whether, after a defendant has filed his plea of privilege, to which the cause of action pled in plaintiff's original petition is vulnerable, is it competent for the plaintiff to amend his petition so as to abandon his original cause of action, and, in lieu thereof, allege a new cause of action based upon the same transaction, which new cause of action is not vulnerable to any plea of privilege which the defendant can successfully assert?

The cause of action pled by plaintiff against defendants in his original petition was a debt in the sum of $360. Plaintiff alleged in that connection that defendants had given him a check therefor in said sum which was drawn on a bank in the City of Houston; that the bank refused payment thereon because defendants had ordered payment stopped. Plaintiff further alleged that defendants fraudulently intended to stop payment when they caused the check to be delivered to him. As identifying the transaction out of which the debt sued on arose, plaintiff alleged that defendants fraudulently represented to him that a certain 1946 Ford automobile was a new and unused car except that it had been driven from Houston, Harris County, Texas, to Crockett, Houston County, Texas, less than 200 miles. Whereas, the truth was that the Ford had been driven more than 200 miles. Plaintiff alleged that he was induced to give defendants for said Ford the sum of $1,050, together with a 1941 Mercury automobile. That at the time, the Mercury was in a repair shop in Crockett; and before the Mercury was delivered to defendants, plaintiff discovered the fraud which had been practised on him, and instructed the repairman to hold the Mercury subject to plaintiff's further orders. That in settlement of his damages plaintiff agreed to accept, and defendants agreed to pay, the sum of $360. That after plaintiff was given the check, he caused the Mercury to be released to defendants, and defendants thereupon removed it from Houston County, and stopped payment on the check.

As indicated above, defendants promptly filed their pleas of privilege to be sued in Harris County, the County of their residence. Plaintiff undoubtedly recognized that the pleas of privilege would be sustained as against the cause of action alleged in his original petition. In any case, he filed his first amended original petition, and in lieu of the cause of action which he had asserted on the check, defendant alleged a cause of action for damages for the fraud alleged to have been practised on him in Houston County. The allegations of his first amended original petition were incorporated in plaintiff's controverting plea;

and in the controverting plea, plaintiff alleged that the court should retain venue in Houston County under subdivision 7, R.C.S. Art. 1995, Vernon's Ann.Civ.St. art. 1995, subd. 7, which provides that venue in actions for fraud lies in the County where the fraud was committed.

The contest on the pleas of privilege was before the court without a jury. Said pleas were overruled. No conclusions of fact and law were filed. Defendants predicate their appeal upon three points, complaining that the trial court erred:

1. In that plaintiff filed suit in Houston County against defendants seeking recovery on a debt, and the proper venue thereon was in Harris County;

2. In considering plaintiff's first amended original petition and the evidence adduced thereunder, such amended petition having been filed after the pleas of privilege were filed, and said amended petition set up a new and distinct cause of action;

3. Because the plaintiff failed to prove that he suffered any damages by reason of the alleged fraud.

The first two points are so closely related that they will be discussed together. We overrule them.

### Opinion.

No clear cut decisions by Texas courts bearing on defendants' first two points have been cited by the parties, and we presume there are none. However, the following statement by Texas Jurisprudence, if it is right, clearly supports defendants' aforesaid first two points: "And if, under cause of action originally alleged, the defendant was entitled to trial in the County of his residence, and has filed a timely plea therefor, the plaintiff cannot deprive him of the right to be heard on his plea by filing an amended petition on another cause of action." 43 Tex.Jur., 796. In support of the quoted text, the only case cited is Lumpkin v. Story, 49 Tex.Civ.App. 332, 108 S.W. 485. We agree with plaintiff that the cited case does not support the text. The sentence which precedes the quoted text states the converse of the text quoted above, and we consider it as a correct statement, namely, "But where the amended petition abandons the cause of action on which

venue is based and relies on another cause, not properly triable in the county, the action, so far as the right to file a plea of privilege is concerned, is regarded as having commenced anew." We are unable to see why, if a plaintiff abandons a cause of action which is not vulnerable to a plea of privilege, and in lieu thereof asserts a cause of action that is so vulnerable, and such amendment gives the defendants the right to assert their plea, the converse should not be true. That is, we are unable to see why, if a plaintiff seasonably abandons a cause of action which is vulnerable to a plea of privilege, and in lieu thereof urges a cause of action which is not so vulnerable, the defendants would have the privilege to remove the cause where venue as to the cause of action in the amended petition is by law fixed in the county where the suit is pending.

Going back to the Lumpkin case, the facts therein were briefly these: The plaintiffs filed a suit against one Moffat, Lumpkin, and Walker, in the district court of Dallas County, to foreclose five vendor's lien notes which had been executed by the aforesaid Moffat. All the defendants resided in Bosque County, and the land sought to be foreclosed on was located in Bosque County. Moffat, the maker of the notes made default. Lumpkin and Walker filed their plea of privilege, and asserted the notes were barred. By their second amended original petition, the plaintiffs urged merely an action in trespass to try title. To each amended petition, Lumpkin and Walker seasonably urged their plea of privilege. The court, on appeal, properly held that, since there was no exception to the venue statute which fixed the venue in Dallas County, the pleas of privilege to be sued in Bosque County should have been sustained. So far from holding that a plaintiff was not authorized to amend his petition as to abandon a cause of action asserted in his original petition, after a defendant had filed his plea of privilege, the court expressly recognized such right. True, the amended cause of action was not one in which the venue was fixed in Dallas County, but there is nothing in the opinion to indicate that the court would not have sustained the overruling of the pleas of privilege, if the venue had been fixed in Dallas County.

The truth is that prior to 1907 "a plea of privilege or venue was purely a plea in abatement, and when sustained there was no authority for the removal to the proper court in a county of statutory venue, but the cause was completely dismissed, and the plaintiff was compelled to institute a new suit in the proper county." Shell Petroleum Corp. v. Grays, 122 Tex. 491, 496, 62 S.W. 2d 113, 115. In 1907 the Legislature enacted laws which are in essence the rules which now regulate pleas of privilege and venue, which provide for the removal of causes to the proper court, etc., instead of their dismissal. And the purpose of such legislation was to eliminate the cumbersome system which brought about intolerable delays, which at times resulted in a cause of action becoming barred before it reached the proper court. Id. There was nothing contained in such legislation which deprived a plaintiff of his pre-existing right to amend his petition to make it non-vulnerable to a plea in abatement by a defendant.

Rule 62, Texas Rules of Civil Procedure, states, in part, that an amendment is to add something to, or to withdraw something from, that which has been previously pleaded so as to perfect that which is or may be deficient. By force of his right to amend his petition, provided he acts so as not to surprise his adversary, Rule 62, a plaintiff may amend his petition so as to perfect it against a defendant's plea in abatement, including a plea of privilege or venue. There is no contention that the amendment sprang a surprise on defendants. Of course, it could not have done so, since the amended petition was incorporated in plaintiff's controverting plea, of which the Rules require ample notice to a defendant.

This brings us to defendants' third point which asserts that plaintiff failed to prove any damages suffered by reason of the alleged fraud committed by defendants in Houston County. We overrule the point.

The case was tried to the Court, and in support of his judgment we must presume that he found plaintiff was damaged by the alleged fraud, and sustain such

208

judgment if there was evidence to support it. We think that the evidence that plaintiff was induced to believe he was buying a new car, whereas he was buying a used one, would sustain a finding that plaintiff sustained a pecuniary loss. It is a matter of common knowledge that a second hand car is less valuable than one that is new. Even the fact that defendants agreed to pay plaintiff $360 to make him whole is subject to the interpretation that plaintiff suffered a pecuniary loss. It was not necessary for plaintiff to prove the exact amount of his damages, as he was not seeking a judgment for his damages on the trial of the plea of privilege.

The judgment of the trial court is affirmed.