## REESE v. PHILLIPS.
### No. 4739.

Court of Civil Appeals of Texas. El Paso.

June 28, 1950.

Rehearing Denied July 19, 1950.

McMahon, Springer & Smart, Abilene, for appellant.

Norman, Rounsaville & Hassell, Jacksonville, Shook & Shook, Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal from an order of the district court of Midland County sustaining a plea of privilege and ordering the venue changed from Midland County to Cherokee County. The trial was before the court without a jury.

J. C. Reese, as plaintiff, sued Wallace A. Phillips, defendant, a resident of Cherokee County, seeking to rescind the purchase of a royalty interest in an oil lease on land in Midland County, Texas, and in the alternative, for damages. Plaintiff relies on fraudulent representations and fraudulent promises made by defendant's duly constituted agent to plaintiff's duly constituted agent inducing the plaintiff to purchase for the sum of $26,200.00 a royalty interest to the extent of 104 acres of land under an oil lease.

Defendant filed a plea of privilege and plaintiff a controverting affidavit invoking Section 7 of Article 1995, Vernon's Ann. Civ.St.Act 1995, subd. 7, as entitling him to maintain venue in Midland County. As stated, the court entered an order sustaining the plea of privilege and plaintiff has appealed therefrom; this order was entered on the motion of defendant at the close of plaintiff's evidence and defendant reserved the right in the event same was overruled to introduce testimony.

Plaintiff urges one point of error only, which is as follows: "The error of the trial court in sustaining appellee's plea of privilege because the evidence adduced thereon was sufficient to show that the fraud which induced the appellant to purchase certain royalty and mineral interest from appellee was committed in Midland County."

Defendant contends that this point of error does not authorize this court to consider the insufficiency of the evidence to sustain the finding of the trial court. However, construing the point of error in the light of the argument and the whole contention of plaintiff herein it is our opinion that we are authorized and it is our duty to consider same. There was no finding of fact, the ruling was plaintiff's evidence was insufficient to raise the issue of actionable fraud committed in Midland County. It was for all practical purposes a demurrer.

This sale was consummated by the parties through their respective agents, plaintiff acting by and through his duly authorized agent E. V. Mitchell, and defendant through L. G. Yarborough, Jr., his duly authorized agent. It was alleged that Yarborough, on behalf of defendant, represented to Mitchell, the agent of plaintiff, that the oil well on the premises had an allowable of 40 barrels a day and was producing its allowable; that the representation that it was producing its allowable was false, that the well was producing and capable of producing only about 15 barrels per day; that this representation was material and but for same plaintiff would not have purchased the property; that defendant further represented to plaintiff that as one of the owners and operators of the leasehold estate covering said land he would immediately and forthwith commence an additional drilling program on said land and would drill three or four more wells there-

590

on; that plaintiff relied upon such representations; that defendant had no intention of drilling any additional wells on said tract of land and had never started operations to drill any additional wells.

In regard to damages, in his first count seeking rescission plaintiff makes no averment as to damages. He seeks only the return of his $26,200.00. In the alternative count he avers that the value of the interest conveyed to him at the time of the sale was $2500.00, that the difference between $26,-200.00 which he paid and $2500.00 actual value at that time is $23,000.00, and by said fraud and false representations he had been damaged to the extent of $23,720.00.

Only three witnesses testified. These three were offered by the plaintiff; defendant offered no testimony. Plaintiff's agent, Mitchell, testified that defendant's agent, Yarborough, represented to him that the well was producing its allowable of 40 barrels per day. Defendant's agent Yarborough so testified. The records of the Railroad Commission, compiled from the reports of the operators of the well disclosed that the well had never produced its allowable. In our opinion it is conclusively established as a matter of law that the representations as to the production of the well were made and were false. In any event it was sufficient to raise the issue.

No direct evidence was offered as to the value of the property at the time it was conveyed to plaintiff; no evidence as to what it would have been worth had same been as it was represented. There is lacking any evidence as to what it would have been worth had defendant complied with the promises as to drilling additional wells.

■ It is elementary that one relying upon an exception to the general venue statute has the burden of establishing the facts upon which such exception is conditioned. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. In connection with this leading case it should be mentioned that Judge Smedley's opinion therein was adopted by the Supreme Court as its opinion. In support of the proposition the case of Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896,

is cited where the exception of fraud is relied upon.

In the case of Eppenauer v. Schrup, Tex.Civ.App., 121 S.W.2d 473, loc.cit. 478, it is said: "It is a rule of law in this state that when venue is sought to be acquired under exception 7 of R.C.S., Art. 1995, practically all facts and circumstances must be proven necessary to recover in such action upon its merits; in other words, to establish that exception it inevitably requires two trials of the issues involved when tried upon its merits." The case of Compton v. Elliott, supra, is cited in support of the proposition.

■ In order to maintain the venue in Midland County it was incumbent upon plaintiff to establish all the essential elements of actionable fraud. Art. 4004, Vernon's Ann.Civ.St., is invoked by the plaintiff in this appeal. This Article as to transactions to which same by its terms is applicable provides: "All persons guilty of such frauds shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled and the actual value of the property in the condition it is delivered at the time of the contract."

■ No doubt is entertained that a misrepresentation may be a constituting element of actionable fraud although the party making same may not have had notice of its falsity. Mitchell v. Zimmerman, 4 Tex. 75, 81; Foix v. Moeller, Tex.Civ.App., 159 S.W. 1048; Kleine Bros. v. Gidcomb, Tex. Civ.App., 152 S.W. 462; Duncan v. Van-Tex Royalty Co. et al., Tex.Civ.App., 51 S.W.2d 1079. In our opinion the evidence established as a matter of law that defendant's agent made the false representations as to the productive capacity of the well as charged. If the evidence raised the issue it was sufficient. A finding to the contrary would have no support in the evidence. It would involve ignoring the uncontradicted evidence. As a matter of law the representations were material. One purchasing a royalty depending on the oil production would most certainly consider

the capacity of a producing well which is subject to the royalty. If the evidence raised the issue it was sufficient. In order to constitute actionable fraud the plaintiff must have relied upon the representations. The plaintiff must have been damaged by reliance upon the representation. Here, as has been stated, there was no direct evidence offered as to the actual or market value of the royalty conveyed. If there is any evidence of damage this must be inferred from the fact that the royalty in an oil well capable of producing 40 barrels per day is more valuable than royalty to the same extent in an oil well capable of producing only 15 barrels per day.

The Galveston Court of Appeals held that under Section 7 it was unnecessary for plaintiff to prove the exact amount of damage to bring the case within the exception proof. In the same case it was held that the fact that plaintiff was induced to believe by misrepresentation that he was buying a new car where he was sold a secondhand car was sufficient to sustain a finding that pecuniary loss was suffered justifying the overruling of the plea of privilege. Gomillion et al. v. Lingold, Tex.Civ.App., 209 S.W.2d 205.

The defendant here cites the case of Campbell v. McCowan, Tex.Civ.App., 176 S.W.2d 226, by the Waco Court of Appeals, a plea of privilege case where Section 7, Art. 1995, was invoked by the controverting affidavit, this case coming under Art. 4004, V.A.C.S. Recovery was sought for the failure of a tract of land to contain the number of acres it was represented to contain. There was a sustained finding that the tract was represented to contain 715.3 acres; as a matter of fact it contained only 617 acres. Sale price was $20.00 per acre and plaintiff paid defendant that price for 715.3 acres. It was held that the evidence was insufficient to sustain a finding of pecuniary damages. It is now pointed out that there were different conditions or values for different portions of the tract of 715.3 acres. Art. 4004 relating to damage recoverable for fraud in the

sale of real estate is cited and discussed. Art. 4004 was not applicable in the case of Gomillion v. Lingold, supra. There the sale of an automobile was involved. The two cases, however, in our opinion conflict. Actionable fraud had to be established in each case. In each case the issue involved was pecuniary loss as a necessary element of a cause of action. In the case by the Galveston court it is held pecuniary damage might be inferred from a showing that the car sold was represented as a new car when it was a second-hand car. The Waco court holds that in the sale of a tract of land represented to contain 715 acres, that if a shortage of 98 acres is shown pecuniary loss is not shown by the fraudulent representation. We believe the true rule is enounced in Gomillion v. Lingold, supra.

Beyond any question more royalty would be realized from a well producing 40 barrels of oil per day than from one producing 15 barrels. In our opinion the evidence established facts not only warranting but perhaps compelling the inference that pecuniary damage was sustained. In a case under Section 7, Art. 1995, the issue tried is not as to the exact amount of damages, but were the damages more than nominal. In regard to plaintiff's reliance on the false representation as to the capacity of the well it is likewise thought the evidence is undisputed. In any event, it is sufficient to raise the issue. In considering this case it must at all times be borne in mind that the trial court disposed of same not on a finding of facts, but on an issue of law. It was decided that the plaintiff's evidence was insufficient to raise the issue that actionable fraud was committed in Midland County. As has been stated, the trial court's action in sustaining the motion of defendant to enter judgment in his favor on the evidence introduced by the plaintiff was tantamount to sustaining a demurrer to the evidence of plaintiff.

It is ordered that the judgment of the trial court be reversed and that the case be remanded for a trial on the plea of privilege.