## PHILLIPS v. REESE.

### No. 4893.

Court of Civil Appeals of Texas. El Paso.

Oct. 8, 1952.

Rehearing Denied Nov. 19, 1952.

Norman, Rounsaville & Hassell, Jacksonville, Shook & Shook, Dallas, for appellant.

McMahon, Springer, Smart & Walter, Abilene, for appellee.

PRICE, Chief Justice.

This is an appeal from the District Court of Midland County, Texas, wherein J. C. Reese as plaintiff, hereinafter so called, recovered of Wallace A. Phillips, defendant, hereinafter so called, the sum of $26,220. Plaintiff sought the recision of a sale of certain properties, the recovery of the consideration paid therefor, and tendered into court an offer to execute back to defendant a good and sufficient deed. The trial was before the court without a jury. The court embodied Findings of Fact and Conclusions of Law in the judgment entered. Defendant excepted thereto and perfected this appeal therefrom.

Defendant's first two points of error are as follows: First point: The error of the trial court in overruling and not sustaining defendant's plea to the jurisdiction and plea of res adjudicata. The second point is in substance that the court erred in holding it had jurisdiction to hear and have a trial on the plea of privilege or to make any order whatsoever in the case except one transferring the record and papers to the District Court of Cherokee County, Texas, in observance of a prior final order still being in full force and effect and not affected by the void order of the Court of Civil Appeals made without jurisdiction, attempting to reverse said judgment and to remand the cause for a new trial on the plea of privilege. Defendant in his answer herein sets up what he denominates as a "Plea to the Jurisdiction and a plea of Res Adjudicata", and sets up in substance defendant filed a plea of privilege herein, plaintiff a controverting plea; that a trial was had thereon on the 4th day of February, 1950, and the court entered judgment therein in favor of defendant and ordered the cause transferred to the District Court of Cherokee County, Texas; that plaintiff herein J. C. Reese attempted to appeal therefrom; that he gave notice of appeal, filed an appeal bond and had a transcript prepared, as well as a statement of facts; that plaintiff did not file transcript in the Court of Civil Appeals until March 2, 1950; that he did not file in said court any motion or request for an extension of time in which to file said record until the 2nd day of March, 1950, which was more than twenty-five days after the date when such judgment was pronounced and entered of record in the minutes of this court; that the request for an extension of time for the filing of the record in the Court of Civil Appeals was not prepared, mailed, or deposited in the Post Office at Abilene, Texas, until February 28, 1950; that the Court of Civil Appeals first refused to permit the filing of the record and later on rehearing ordered same filed but said court was without authority so to do on account of the fact that the record was not mailed as shown by the postmark until the 28th day of February, 1950, which was not one day before the last day for filing said motion to extend the time for filing said records.

The facts in this pleading are unquestionably substantially correct. It is agreed that the plea was heard by the District Court on February 4, 1950, order overruled on that date; that the plaintiff, J. C. Reese, gave notice of appeal from said order sustaining said plea of privilege and thereafter seasonably filed his appeal bond; that on March 2, 1950, the transcript of the record, and statement of facts were received by mail by the Clerk of the Court of Civil Appeals, El Paso, but were not filed by him at such time, that the motion or request for extension of time, the transcript of record and statement of facts were all enclosed in the same wrapper, or envelope, and were mailed together with

the letter accompanying same at Abilene, Texas, on February 28, 1950, and were postmarked by the Post Office at Abilene, Texas, February 28, 1950; that on March 2, 1950, J. C. Reese filed a motion with the Court of Civil Appeals praying that he be granted an extension of ten days beyond the 20 days provided by the rules in which to file the record of this case in the Court of Civil Appeals; the motion was agreed to by attorneys for the defendant here. The motion to file the record was denied by the Court of Civil Appeals on the ground that same was not filed within the 25 day period provided for by Texas Rules of Civil Procedure, rule 385, the Court relying on Texas State Bank of Alice v. John F. Grant Lumber Co., Tex. Civ.App., 169 S.W.2d 224. Thereafter appellant filed his motion for rehearing in the Court of Civil Appeals which called attention to the amendment to Rule 5 effective March 1, 1950. On the 29th day of March, 1950, the Court of Civil Appeals entered its order as follows:

"In his motion for rehearing appellant has called our attention to Rule 5, T.R.C.P. as amended, which became effective March 1, 1950. An inspection of the envelope or wrapper enclosing Appellant's motion to permit him to file the record reveals that it was sent to the Clerk of this Court by first class United States Mail, properly addressed and stamped and deposited in the mail on February 28, 1950. Rule 5 as amended did not become effective until March 1, 1950.

"We have grave doubt whether appellant can claim the benefit of this rule by acts required by the Rule which were performed one day before it became effective. However, we have decided to give appellant the benefit of the doubt and permit him to file the record which is in his possession."

That defendant Phillips filed no motion for rehearing on the order dated March 29, 1950, entered by the Court of Civil Appeals and directing the filing of the record, but thereafter on June 28, 1950, the Court of Civil Appeals entered its order Tex.Civ.App., 233 S.W.2d 588, reversing the trial court's judgment transferring the case to Cherokee County and remanding the same for trial.

Defendant Phillips filed a motion requesting that the court certify certain questions to the Supreme Court. This motion sought the certification of some eighteen questions and was denied. Question No. 17 raised the question as to whether his construction of Rule 5 in respect to the time the motion for an extension should be filed was correct. Question No. 18 was substantially the same thing. After the Court of Appeals overruled the motion to certify, leave to file petition seeking mandamus was filed in the Supreme Court, which was denied by the Supreme Court. Defendant here does not contend that Rule 5 going into effect on the last day under the law on which the motion for extension could be filed does not apply. If we properly understand defendant's position it is that under Rule 5 plaintiff's motion was not deposited in the United States mail and mailed in time. It seems to be conceded by each party that March 1st was the last day for filing the motion unless the motion for extension had been deposited in the mail in accordance with the amendment to Rule 5 which went into effect on March 1st. As has been stated, the motion was deposited in the mail on February 28, 1950. It was deposited in the mail on the day before the last day for filing the motion, but it had not been deposited in the mail according to the stamp for one full day of twenty-four hours before the first of March.

It is thought to be elementary that conformity to R.C.P. 385 and 5 is essential to the acquisition of active appellate jurisdiction over and order of the trial court overruling a plea of privilege. Rule 385, as far as applicable here, is as follows:

"Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable

extension of time in which to file such record or any part thereof."

The applicable portion of Rule 5 as amended by amendment taking effect March 1, 1950, is as follows:

"Provided, however, if a motion for new trial, motion for rehearing, any matter relating to taking an appeal or writ of error from the trial court to any higher court, or application for writ of 'error is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail one day or more before the last day for filing same, and the envelope or wrapper containing same bears a postmark showing such deposit, the same, if received by the clerk not more than ten days tardily shall be filed by the clerk and be deemed filed in time."

The amendment to Rule 5 going into effect on March 1, 1950, provided in substance that the clerk should file the motion for an extension of time if shown by the postmark it had been mailed one day or more before the last day for filing, the last day for filing a motion for an extension under the prior rule being the 25th day from the date of the order. When the matter was first presented to this court as to whether or not defendant's motion should be granted we refused same because same had not been tendered for filing in the proper time under Rules 385 and 5. This despite the fact the following written agreement was appended to the motion:

"The undersigned attorneys of record for the said Wallace A. Phillips make no objection to the granting of the motion hereinabove set forth, and agree that same should be granted, and acknowledge receipt of a copy of same."

Our original holding was based on the theory that jurisdiction could not be conferred by agreement. On motion for rehearing the amendment to Rule 5 was called to our attention. We granted the motion for rehearing, ordered the filing of the motion and the record and took jurisdiction over the appeal, and reversed the judgment of the trial court sustaining defendant's plea of privilege. See Reese v. Phillips, Tex.Civ.App., 233 S.W.2d 588. The determination as to whether this court acquired jurisdiction over the appeal depends on the construction of the amendment to Rule 5, that part of Rule 5 providing in substance that if a motion for an extension of time to file a record be deposited in the mail one day before the last day for filing same, the Clerk shall file same. In granting plaintiff's motion for rehearing we construed the provision as to one day before the last day provided, to mean on the last day—in short, under our construction the word "day" referred to a point of time rather than a period of time.

If it had appeared from the text of the rule's subject matter that the mailing of the motion on February 28th, 1950, was too late under the rule, our duty would have been clear.

In speaking of whether or not the day of service should be included in determining as to whether jurisdiction had been obtained, Judge Hemphill said:

"We are satisfied from the authorities that no rule for the inclusion or universal exclusion of days has been laid down or is desirable; that intention is the governing principle and must be effectuated so as to preserve rights, prevent forfeitures, and favor parties where penal consequences are sought to be enforced; and believing that the construction now given will operate to the advantage of defendants without impairing or divesting the rights of plaintiff, we are of the opinion that the service of writs must under this law be made on Tuesday, and that five entire days should intervene between the date of service and the day of return." O'Connor v. Towns, 1 Tex. 107.

This principle governing the construction of statutes or rules of the nature of Rule 5 has been adhered to by the Supreme Court numerous times.

In making the amendment to Rule 5 it is not to be thought that the Supreme Court intended to hamper, restrict or limit the right of appeal from interlocutory or-

ders, in fact its manifest purpose is to facilitate the exercise of the right of taking such appeal. In the construction of this rule we deemed proper to follow the principle laid down in the quoted portion of the opinion in O'Connor v. Towns, supra. Our construction did not forfeit the rights of appeal of plaintiff. Plaintiff was not deprived of his right to appeal by a harsh and formalistic construction of a rule which was intended to facilitate his exercise of the right, a construction which in no way harmed defendant, a construction which in no material way would delay the disposition of the appeal, a construction which was deemed to carry out the intention of the rule, its intention being the rule itself. By requiring the mailing to occur one full day before the 25th day would, as has been said, benefit defendant in no way, and such a construction should not be adopted unless compelled by the text of the law.

Various definitions may be found of the word "day" as used in the statutes. In writing the opinion for the Supreme Court in the case of Long v. City of Wichita Falls, 142 Tex. 202, 176 S.W.2d 936, 938, Chief Justice Alexander said:

"The word 'day' sometimes means 'the space of time which elapses while the earth makes a complete revolution on its axis.' This is one of the definitions given by Bouvier's Law Dictionary. * * * One of the definitions given by the New Century Dictionary is 'The period of time during which the earth makes one revolution on its axis, the interval of time which elapses between two consecutive returns of the same terrestrial meredian to the sun; the average length of this interval, twenty-four hours.' [Authorities omitted.] In order to determine what construction should be placed on the term 'day,' as used by the Legislature in the statute here under construction, we must look to the purpose intended to be accomplished by the Act and the effect that it will have when so applied to the subject matter."

The word "day" has no absolute connotation. It may as well mean a point of time as a period of time.

It is thought that the intention of Rule 5 is that one shall not lose his right to appeal from an interlocutory order if he uses reasonable diligence to comply with the rules. To hold that the Supreme Court in amending this rule intended that a day should mean the full 24 hours elapsing next prior to the last day for filing the motion would not in our opinion be in accordance with the real intention of the rule. We may have labored this point too much, but the question is of far reaching importance. The points of error under consideration are without merit and are overruled.

Defendant's 3rd, 7th and 8th points of error are briefed together and we shall endeavor to dispose of them together. In substance the points raised here are first, the suit should have been abated on account of lack of necessary part of it; that J. A. Dickinson was a necessary party to the suit; there should have been no judgment of recision because it appeared that J. A. Dickinson had an interest in the property by conveyance from the plaintiff. Plaintiff's pleading as to those alleged in defendant's plea of abatement to be necessary parties is as follows: Plaintiff holds legal title to 100/104.88 interest in and to the royalty and minerals in controversy in this suit, and owning and holding said legal title to said royalty and minerals in proportions as have been here set out before; brought this suit for the use and benefit of himself and each of the above named persons, having been duly authorized by each and every one of them to so bring suit; that he held the said royalty and mineral interest for the said Mitchell, Jay, McDaniel and Scott, for their use and benefit. As to Dickinson he pled that before he learned of the fraud perpetrated by defendant plaintiff did sell and convey 4.88 acres of the property being said 4/104.88 of the royalty and mineral interest in controversy, and that said 4.88 acres then stood in the name of J. A. Dickinson; that plaintiff had arranged to reacquire the said 4.88 acre interest and thereby is in a position to make full legal

tender to defendant, and agreed to so convey to defendant the entire 100/104.88 (4.88) acres of royalties and minerals exactly the same as defendant conveyed same to plaintiff.

This pleading was by the way of a supplemental petition and was filed on February 23, 1951. The trial judge in his findings of fact finds as to the equitable interests of Jay, McDaniel, Mitchell and Scott there was a deed dated January 3, 1952, the last acknowledgment being taken on January 7, 1952, deposited with the Clerk and joined in by the last named parties.

■■ We think it elementary that the four parties claimed to be necessary parties in the plea of abatement were virtual parties of this suit and are and were bound by the judgment therein. In regard to Dickinson the situation is somewhat different. However, the trial court found that the plaintiff was in position to convey to Phillips the 4.88 acres involved, and further that there was a "good and sufficient deed re-conveying to the defendant, Wallace A. Phillips, all of the rights, titles, and interest, in and to the royalty and minerals in controversy in this suit is now held by the Clerk of this Court subject to the directions of the Court." Furthermore, we deem it so elementary as to not require discussion that Dickinson was neither a proper nor a necessary party to the suit. Unless plaintiff was in a position to convey the 4.88 acres to defendant there could be no recision. The court found he was in such position and the deed under the control of the court was sufficient to convey title to the defendant. We hold no reversible error is presented.

■ Point of error No. 6 (and here we are disposing of defendant's points of error in the order in which they were urged in his brief) asserts that the court erred in refusing to grant his motion to require plaintiff to elect between his prayer for recision and for damages. The following cases we think conclusively and authoritatively demonstrate that there is no merit in this contention of defendant. Trinity Universal Ins. Co. v. Maxwell, Tex.Civ.App., 101 S.W.2d 606, writ dismissed; Wood v. Williams, Tex.Civ.App., 46 S.W.2d 332; Prideaux v. Roark, Tex.Com.App., 291 S. W. 868.

The next point briefed by defendant is that the trial court erred in awarding judgment to Reese which in practical effect was for cancellation and recision, and plaintiff was not in position to and had not at the time of the trial made an offer of full restoration of the status quo which the court could enforce, and that if it had been made by plaintiff, because of his inexcusable delay he was not entitled to cancellation and recision. The statement under the point of error seems to base same on the fact of the equitable interests of Jay, Mitchell, McDaniel and Scott, and the 4.88 acres deeded to Dickinson. What we have heretofore said sufficiently disposes of this assignment.

■ It is further contended that the court erred in overruling defendant's plea of privilege. The basis of this contention seems to be that this court was without jurisdiction to order the judgment of the former trial of the plea reversed and the plea and contest remanded for a new trial. What we have said we think sufficiently disposes of this point. We further deem it to be elementary that the parties for whom the appellee held the equitable interest were parties and would have in all respects been bound by the judgment. Appellant made the contract which the judgment rescinded, with appellee. Appellant made the fraudulent representations for which the court rescinded the contract, to appellee. It does not appear from this record that there is any equitable bar to the recision of this contract.

It is ordered that the judgment of the trial court be in all things affirmed.

### On Motion For Rehearing.

In appellant's motion for a rehearing appears the following:

"We have felt that we must call the attention of this Court to a possible if not probable inference which might be drawn by the Bench and Bar as the result of some of the language in the

opinion to the apparent effect that counsel for Phillips, after the lapse of both the 20 original days for filing the record, and the additional 5 days conditionally allowed, had then agreed that the record might be filed, and then, despite such agreement, were seeking to take advantage of the failure to file the record with such twenty-five days agreed to."

We do not see how the language used is susceptible of such construction. We have examined the motion for extension. Endorsed thereon is the agreement signed by counsel for appellant, as quoted in the opinion. It must appear from the opinion that this agreement being endorsed on the motion could not have been made later than the 28th of February. No reflection was intended on counsel for appellant.

In his motion counsel makes this statement:

"The motion for an extension of time for filing the record seems not to be dated, except by us as of February 24, 1950 * * *."

Now the agreement appended to the motion is not dated, as stated, but it was enclosed in a letter dated February 28, 1950, in the same package that contained the transcript. This latter statement is correct. Appellant is correct there is nothing in this motion, to which we agree, that even tends to show that they had after the expiration of 25 days agreed to waive the five days for filing said motion. The agreement must have been signed on or prior to the 28th day of February. This intrinsically appears.

In regard to the petition for mandamus refused by the Supreme Court, in accordance with the request of appellant we gladly state that it appears from the transcript that points 17 and 18 that appellants sought the certification of were not included in the application for leave to file the petition for writ of mandamus, presented to and refused by the Supreme Court.

Careful consideration has been given to appellant's motion for a rehearing, and with the above explanation it is ordered that same be in all things overruled.