**INTERNATIONAL SHELTERS, INC.,**
**Appellant,**

v.

**PINEHURST INVESTMENT CORPORA-**
**TION et al., Appellees.**

**No. 646.**

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 24, 1971.

Rehearing Denied Dec. 16, 1971.

Schenk & Wesbrooks, Milton E. Douglass, Jr., Wichita Falls, for appellant.

W. T. Blackburn, Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

This is a suit on a promissory note. The defendant filed its plea of privilege which was duly controverted. The trial court overruled the plea and the defendant appeals.

Phelan Sulphur Company, a Texas corporation, executed its promissory note on July 2, 1969, payable to Post Oak Investment Company or order at Corpus Christi, Nueces County, Texas. The note was signed "Phelan Sulphur Company by John H. Phelan, III." Post Oak Investment Company assigned its interest in the note to Pinehurst Investment Corporation, the original plaintiff in this suit. Phelan Sulphur Company did on May 27, 1970, change its name to International Shelters, Inc., the defendant herein.

On December 4, 1970, Pinehurst Investment Corporation brought this suit against International Shelters, Inc. on the note in question. International Shelters, Inc. (hereinafter called defendant) filed its plea of privilege. The plaintiff's controverting plea maintained that venue was in Nueces County because the note contained the express promise to make payment in such county (naming the county) by virtue of Subdivision 5 of Article 1995, Vernon's Ann.Civ.St. Plaintiff alleged that the defendant was in default. The trial court overruled the plea of privilege on May 13, 1971, and the defendant perfected its appeal from such order.

On June 8, 1971, Pinehurst Investment Corporation filed its second amended original petition in which it substituted O. S. Wyatt, Jr. as plaintiff for Pinehurst Investment Corporation. It alleged that on December 17, 1970, after the original suit had been filed, Articles of Dissolution of Pinehurst Investment Corporation were executed which showed that all of the assets,

including the note in question, were transferred to its shareholders. The Articles showed that O. S. Wyatt, Jr. was the sole shareholder of Pinehurst Investment Corporation.

Two supplemental transcripts have been filed in this appeal. They show that on June 14, 1971, the defendant filed its second plea of privilege. Plaintiff did not controvert the second plea but did on June 25, 1971, file a motion to strike the second plea of privilege. On July 6, 1971, the defendant filed a plea of res judicata and motion to transfer cause "because of plaintiff's failure to controvert defendant's second plea of privilege." The record now before us shows that on October 4, 1971, the trial court entered various orders striking defendant's second plea of privilege, an order denying and overruling defendant's plea of res judicata and motion to transfer the cause and orders denying and overruling defendant's plea to the jurisdiction and pleas in abatement. In the meantime, the defendant had properly perfected its appeal from the original order overruling the first plea of privilege to this Court.

The appellant, by its first and second points of error, complains of the trial court overruling its plea of privilege contending that plaintiff's second amended petition which substituted Wyatt for Pinehurst, amounted to a non suit or an abandonment of plaintiff Pinehurst's cause of action, and in effect constituted an acquiescence to the transfer of venue, especially since plaintiff did not controvert the second plea of privilege.

■ We recognize the general rule applied in venue cases which protects a defendant upon the taking of a non-suit. If a plaintiff takes a non-suit after filing a controverting affidavit, he thereby abandons his contest of the plea of privilege and in effect withdraws his controverting affidavit. This action amounts to an admission by the plaintiff that the defendant's plea of privilege is well taken. Tempelmeyer v. Blackburn, 141 Tex. 600, 175

S.W.2d 222 (1943); Phipps v. Reed, 219 S.W.2d 561 (Tex.Civ.App.—Eastland 1949).

■ The principal question to be decided is whether the substitution of O. S. Wyatt, Jr. for Pinehurst Investment Corporation subsequent to the trial court's overruling of defendant's plea of privilege constitutes a non-suit or an abandonment of Pinehurst's cause of action.

It is admitted by the appellant that no formal non-suit has been taken by plaintiff. Appellant contends that the filing of the second original petition whereby Wyatt was substituted as party plaintiff, constituted a non-suit as a matter of law regardless of the intent of the parties. Appellant indirectly argues that because of this substitution of parties, this appeal is moot and the venue should be ordered transferred.

■ A plaintiff may in an amended petition, substitute new parties for those named or may add new parties as plaintiffs or as defendants, so long as the addition by amendment does not unreasonably delay the trial of the case. Rule 37, Texas Rules of Civil Procedure. This rule authorizes the plaintiff to add such parties upon such terms as may be prescribed by the court. This implies a judicial scrutiny of plaintiff's justification for adding the parties. Where leave of the court has not been secured prior to the filing of a pleading, a motion to strike would be in order. However, the test that the court must apply is that unless the defendant will in some way be prejudiced, the substitution of parties should be granted. The defendant in his plea in abatement here, plead that Wyatt was a necessary party and asked that the suit be abated until he was made a party to the suit. We do not see how appellant can now complain either of surprise or of prejudice, by the substitution of Wyatt in the second amended petition.

There is no evidence that the substitution of parties created a new cause of action. It follows that the same evidence would support both the original and the

amended pleadings. The measure of damages is the same in both cases. Plaintiff's allegations are subject to the same defenses. The amendment by the mere substitution of a different party plaintiff did not inject into the lawsuit a matter that was materially different in substance or form, nor did it appreciably alter the rights and obligations of the parties to the prejudice of the defendant. 67 C.J.S. Parties § 85, p. 1075; 17 T.L.R. 183, 7 T.L.R., p. 144; Eversberg v. Miller, Tex.Civ.App., 56 S.W. 223.

Appellant relies upon Roberson v. McIlhenny, Hutchins & Co., 59 Tex. 615 (1883). There the court held that an entire change in the name of the parties on either side of the controversy would in effect constitute a new suit. We believe that this case is distinguishable. In the first place, the court did not refer to a change of names caused by an assignment of interest pendente lite. Throughout the court's opinion, it is made clear that when the cause of action is not altered, the mere change of the parties will have no effect. The key again is the change in the cause of action that brings about or could bring about the deprivation of some substantial defense on the part of the defendant. In the case before us, the amended pleadings stated the same cause of action as did the original petition. Wyatt was the sole shareholder of Pinehurst and became the assignee of the note in question upon the liquidation of the corporation. The transfer to Wyatt was effectuated after the original petition was filed. A substitution of parties by amendment under such circumstances does not amount to the equivalent of taking a non-suit. The suit in question could have been continued in the name of Pinehurst even though the cause of action was assigned to Wyatt. The defendant has not suggested a valid defense caused by the substitution. Wyatt asserts the same cause of action on the promissory note that had been earlier asserted by his assignor Pinehurst. Such substitution under these facts did not amount to a non-suit or an abandonment of the controverting affidavit. See Mitchell, Gartner & Thompson v. Young, 135 S.W.2d 308 (Tex.Civ.App.—Fort Worth 1940, err. ref.) and American Indemnity Co. v. Hidalgo County, 146 S.W.2d 1076 (Tex.Civ.App.—San Antonio 1941, err. ref.).

Appellant's contention that plaintiff did not controvert his second plea of privilege and therefore venue should be changed by rendering judgment to this effect, is not well taken. The second amended petition did not constitute the filing of a new lawsuit. The trial court's ruling of the first plea of privilege becomes the law of the case with respect to the question of venue. Two pleas of privilege, one following the other, cannot be filed in the same case. The trial court was correct in granting Wyatt's motion to strike the second plea of privilege.

Appellant's third point of error is that there was no evidence to sustain venue in any other county other than appellant's residence. Plaintiff's suit was on a note payable in Nueces County. The original note was introduced into evidence. A certified copy of the Articles of Amendment of the Phelan Sulphur Company showed a change of name to International Shelters, Inc. The appellant did not file any verified pleadings pursuant to Rule 93, T.R.C.P. The note, upon introduction into evidence, will prove itself unless the execution or authority is denied specifically in the plea of privilege. Vaquero Drilling Company v. Adcock, 453 S.W.2d 908 (Tex.Civ.App.—San Antonio 1970); Red Fish Boat Company v. Jarvis Press, Inc., 361 S.W.2d 588 (Tex.Civ.App.—Dallas 1962); and 1 McDonald, § 4.11.4, p. 450.

We hold that the order of the trial court overruling the plea of privilege is supported by evidence. Appellant's points are overruled.

Judgment of the trial court is affirmed.

SHARPE, J., not participating.