**MERCURE CO., N.V., Appellant,**

v.

**Sam E. ROWLAND and Kenneth Keim, Appellees.**

**No. 01–85–0861–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 24, 1986.
Rehearing Denied Aug. 14, 1986.

Kathleen A. Slaydon, Dona Szak, Ross, Banks, May, Cron & Cavin, Houston, for appellant.

Tom Edwards, Houston, for appellees.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

WARREN, Justice.

This is an appeal from the trial court's judgment of dismissal.

In a single point of error (with seven subparts), the appellant, Mercure, asserts that the trial court abused its discretion in ordering a dismissal of the lawsuit. In a single crosspoint, the appellees allege that we erred in overruling the appellees' motion to dismiss this appeal because the appellant elected to pursue an alternative remedy by refiling the same suit, thereby waiving this appeal.

On November 29, 1978, Century, as agent for Mercure, entered into a written agreement to lease office space to appellees for a term of three years. The lease agreement stated on its face that Century was acting as agent for Mercure. The signatures to the lease showed Mercure as lessor.

On November 17, 1980, Century filed suit against appellees for unpaid rent, plus interest.

In its original pleadings, Century asserted the right to sue the appellees in its own right, rather than as agent for Mercure. The pleadings contradicted the express terms of the lease by alleging that Century was the lessor.

The appellees then filed an unsworn plea in abatement on September 25, 1982, and alleged that Century did not have legal capacity to bring the suit, was not a entitled to recover in the capacity in which it sued, was not a principal to the contract upon which the suit was based, and that there was no showing of authority for Century to maintain the suit. A sworn first-amended plea in abatement was filed November 12, 1982.

On October 18, 1982, between the time that appellees filed their first and amended pleas in abatement, appellant designated the plaintiff as "Mercure Company, N.V., by its agent Century Development Corporation."

Finally, in the plaintiff's fourth amended original petition, which was filed August 17, 1983, and was the live pleading in this case below, the name of Century was dropped as a party and the plaintiff's name designated as Mercure Company, N.V.

The defendants filed a motion to dismiss on August 26, 1985, and alleged that the plaintiff's attempt to substitute parties was without leave of court and not in response to any court order concerning the defendant's plea in abatement. Further, the motion to dismiss alleged that the first attempted appearance of Mercure in October 1982, was at a time prior to any attorney at law being authorized to appear on its behalf.

On September 3, 1985, apparently in response to appellees' motion to dismiss, the trial court ordered the law suit of trial court no. 80–53707, styled Century Development Corporation v. Sam E. Rowland

and Kenneth Keim, both individually and d/b/a Rowland and Keim, dismissed without prejudice. The trial court's order recited no reason for the dismissal; it did not name Mercure as plaintiff, nor did Mercure's name appear anywhere on the order.

On appeal, the appellant, Mercure, asserts seven different arguments under a single point of error. The appellant argues in seriatim that the trial court erred in dismissing the lawsuit because:

1. The method of substituting plaintiffs was proper;

2. The appellees waived and are estopped from complaining of the substitution of plaintiffs;

3. The statute of limitations does not bar Mercure's claim;

4. The issue of lack of authority was not properly presented to the trial court;

5. The appellees did not properly present their objections to substitution of plaintiffs to the trial court;

6. Mercure should have been given an opportunity to amend its pleadings before its cause was dismissed; and

7. The trial court abused its discretion by dismissing Mercure's cause.

Before addressing the appellant's point of error, there are threshold questions concerning whether Mercure is properly before this appellate court and can appeal the trial court's judgment of dismissal where it was not a named party in the court's order.

■ An amended pleading supersedes and supplants earlier original pleadings. Tex.R.Civ.P. 65. Parties to a suit are just as effectively dismissed from a suit by omitting their names from an amended pleading as where a formal order of dismissal is entered. *Burton v. Bridges*, 641 S.W.2d 635, 637 (Tex.App.—El Paso 1982, writ ref'd n.r.e.); *Sparks v. Aetna Life and Casualty Co.*, 554 S.W.2d 228, 230 (Tex.Civ.App.—Dallas 1977, no writ). When Century's name was dropped from the plaintiff's fourth amended original petition on August 17, 1983, Century was effectively dismissed from the suit by the

intentional omission of its name from the pleading. In effect, Century was not a party to the lawsuit at the time the trial court ordered the dismissal of the lawsuit.

The next issue is whether Mercure properly became a plaintiff and if so, whether it has standing to appeal a judgment of dismissal in which it was not named.

Additional parties may be brought in, either by the plaintiff or the defendant, upon such terms as the court may prescribe; but not at a time nor in a manner to unreasonably delay the trial. Tex.R.Civ.P. 37. The word "may" in rule 37 is regarded as permissive and not mandatory. *Hudson Underwriters Agency of Franklin Fire Insurance Co. v. Ablon*, 203 S.W.2d 584, 585 (Tex.Civ.App.—Dallas 1947, writ dism'd).

■ The appellees claim that permission of the trial court was necessary before Mercure became a plaintiff. But rule 37 does not mandate such permission.

Mercure maintains that it was a proper plaintiff under rule 37, additional parties, and also that it was added as plaintiff in response to the defendant's plea in abatement.

In *International Shelters, Inc. v. Pinehurst Investment Corp.*, 474 S.W.2d 497 (Tex.Civ.App.—Corpus Christi 1971, writ dism'd), the principal question was whether the substitution of the sole shareholder of the plaintiff assignee of a note for the plaintiff subsequent to the trial court's overruling of the defendant's plea of privilege constituted a non-suit or an abandonment of the plaintiff's cause of action. In holding that such a substitution did not constitute a non-suit or the filing of a new lawsuit, the court relied on rule 37 and said that the test the court must apply is that unless the defendant will in some way be prejudiced, the substitution of parties should be granted. *Id.* at 499. "The amendment by the mere substitution of a different party plaintiff did not inject into the lawsuit a matter that was materially different in substance or form, nor did it appreciably alter the rights and obligations

of the parties to the prejudice of the defendant." *Id.* at 500.

Mercure was added as a plaintiff in the plaintiff's third amended petition, filed October 18, 1982. Mercure argues that was the amendment made in response to the defendant's plea in abatement, filed September 25, 1982. There is no showing in the record that the trial court sustained the defendant's first amended plea in abatement filed November 12, 1982, despite assertions to the contrary in both appellant's and appellee's briefs.

A party who wishes to contest the opponent's lack of capacity to sue must do so in a verified plea in abatement. *Bluebonnet Farms, Inc. v. Gibraltar Savings Association*, 618 S.W.2d 81, 83 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (holding that trial court abused its discretion by allowing the untimely filing of appellee's plea in abatement with the summary judgment, thereby denying the appellant his day in court).

A plea in abatement is a plea setting forth some obstacle to the further prosecution of the cause until it is removed, and if it is sustained, the proper action is to abate the cause until the impediment is removed. *Piper v. Estate of Thompson*, 546 S.W.2d 341, 343 (Tex.Civ.App.—Dallas 1976, no writ) (although designated a plea in bar, the plea was a plea in abatement because it pertained to the capacity in which the defendants were sued). A plaintiff may amend his petition so as to perfect it against a defendant's plea in abatement. *Gomillion v. Lingold*, 209 S.W.2d 205, 207 (Tex.Civ.App.—Galveston 1948, no writ) (nothing in the 1907 legislation regulating pleas of privilege deprived a plaintiff of his pre-existing right to amend his petition to make it non-vulnerable to a plea in abatement by a defendant); *see also Atkinson v. Reid*, 625 S.W.2d 64, 66 (Tex.App.—San Antonio 1981, no writ); *Bryce v. Corpus Christi Area Convention & Tourist Bureau*, 569 S.W.2d 496, 499 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Harold v. Houston Yacht Club*, 380 S.W.2d 184, 186 (Tex.Civ.App.—Houston 1964, no writ).

Under the application of rule 37 and rule 41 (parties may be dropped or added by order of the court on motion of any party *or* on its own initiative at any stage of the action before the time of submission to the court, on such terms as are just), as well as the holdings in *International Shelters Inc.*, 474 S.W.2d at 499, and *Gomillion*, 209 S.W.2d at 207, we hold that Mercure was properly added as the plaintiff in the. plaintiff's third and fourth amended petitions.

Assuming that Mercure was properly substituted as the plaintiff, the next question is whether Mercure may appeal the trial court's order of dismissal in which only Century was named but not Mercure. Generally, remedy by appeal in usual form, or by writ of error, is available only to parties of record. *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex.1965). At the time the trial court ordered dismissal of the case, Century had been dropped from the plaintiff's fourth amended petition and therefore, was effectively dismissed from the case, while Mercure had become substituted in place of Century as the proper plaintiff. As a party of record, Mercure may appeal the order to dismiss.

The trial court dismissed this cause without prejudice to refiling. The standard of review of a dismissal for the court of appeals is to inquire whether the trial court abused its discretion. *Cf. Buchanan v. Masood,* 631 S.W.2d 219, 221–22 (Tex.App.—Amarillo 1982, no writ) (review of dismissal for failure to prosecute involves but a single inquiry of whether the trial court abused its discretion); *Brown v. Prairie View A & M University*, 630 S.W.2d 405, 412 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (while a trial court does not have unbridled discretion, the court's action in dismissal may be reversed only on a showing of clear abuse).

On appeal from an order granting a motion to dismiss, the scope of appellate review is limited to the arguments raised in

the motion to dismiss. *Country Cupboard, Inc. v. Texstar Corp.*, 570 S.W.2d 70, 75 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.).

The grounds argued in appellees' motion to dismiss are basically as follows: (1) that when the action was originally filed on November 17, 1980, Century was an improper plaintiff, and Mercure was later substituted as plaintiff without leave of court; (2) that the appearance of Mercure was without authority; (3) that Century asserted a right of Mercure as Century's own; (4) that one who contracts as an agent cannot maintain an action on the contract in his own name; (5) that Century never had authority to bring suit on behalf of Mercure, and Mercure never properly intervened nor obtained leave of court to substitute as plaintiff; (6) that the omission of Century's name on the plaintiff's fourth amended petition effectively dismissed Century from the lawsuit; and (7) that an entire change of plaintiffs was not allowable because to do so would constitute a change in the cause of action.

To prevail on appeal, the appellant must point to a clear abuse of discretion in the trial court's granting the appellees' motion to dismiss. The appellant makes the following argument: First, that the addition of Mercure as plaintiff was proper under rule 37 of the Texas Rules of Civil Procedure (additional parties may be brought in either by the plaintiff or defendant upon such terms as the court may prescribe but not at a time or in a manner to unreasonably delay the trial), under the authority of *Atkinson*, 625 S.W.2d at 66; *Bryce*, 569 S.W.2d at 499; *International Shelters, Inc.*, 474 S.W.2d at 499; and *Gomillion*, 209 S.W.2d at 207. The appellant also relies on *Christie v. Harris County Fresh Water Supply District No. 23*, 317 S.W.2d 219, 224–25 (Tex.Civ.App.—Waco 1958, writ ref'd n.r.e.), where the trial court permitted the City of Houston to be substituted as the proper plaintiff because, among other things, all parties agreed with the defendant's plea in abatement that the city, as the substituted party, was the proper plaintiff.

Appellant also correctly argues that under rule 60, any party may intervene in a law suit subject to being stricken. Tex.R. Civ.P. 60. No leave of court is required to intervene under rule 60. *See Bell v. Craig*, 555 S.W.2d 210, 212 (Tex.Civ.App.—Dallas 1977, no writ); Tex.R.Civ.P. 60.

The appellant's second argument is that appellees are estopped from complaining of the substitution. The appellant argues that in the appellees' response in opposition to plaintiff's motion for rehearing, the appellees admitted that on January 31, 1983, the trial court allowed a more proper plaintiff to be substituted and appellant justifiably relied on the appellees' acquiescence to the substitution.

In its third argument, appellant maintains that the statute of limitations does not bar Mercure's claim. The lease contract, showing both Mercure's and Century's interest in the leased premises, was attached as an exhibit and incorporated in all the pleadings that Century and Mercure filed. Affidavits demonstrating that Century had actual authority from Mercure to prosecute the lawsuit were admitted into evidence. Appellant cites *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 258–60 (5th Cir.1980), for the proposition that an agent, who is a party promisee on a contract, also may sue in his own name. Appellant argues that Century was an agent authorized to perform certain actions that an owner would normally perform and was a promisee in the lease contract, and that when Mercure replaced Century as the proper plaintiff, the substitution was that of the principal for the agent and was not a new cause of action. Therefore, appellant asserts, the original petition filed by Century tolled the statute of limitations. Appellant relies on *Vaughn Building Corp. v. Austin Co.*, 620 S.W.2d 678, 682 (Tex.Civ.App.—Dallas 1981), *aff'd*, 643 S.W.2d 113 (Tex.1982) (an amended petition substituting the real party after the period has run was not subject to a plea of limitation when the nature of the suit against the defendant was the same), and *Womack*

*Machine Supply Co. v. Fannin Bank,* 499 S.W.2d 917, 920 (Tex.Civ.App.—Houston [14th Dist.] 1973), *rev'd on other grounds,* 504 S.W.2d 827 (Tex.1974) (original petition in which corporation was misnamed tolled the statute of limitations, and amended petition did not set out a new cause of action). Further, the appellant argues that it successfully meets a four part test set forth by the Texas Supreme Court in *Phoenix Lumber Co. v. Houston Water Co.,* 94 Tex. 456, 462, 61 S.W. 707, 709 (1901) ((1) Would a recovery had upon the original bar a recovery under the amended petition? (2) Would the same evidence support both of the pleadings? (3) Is the measure of damages the same in each case? (4) Are the allegations of each subject to the same defenses?).

Next, the appellant argues that the trial court should not have considered appellees' allegation in their motion to dismiss that Mercure's attorney of record lacked authority to appear on behalf of Mercure because the appellees' objection to authority of attorney was not sworn, as required under Tex.R.Civ.P. 12. The record shows that appellees' motion to dismiss was not a sworn written motion.

In appellant's fifth argument, it is claimed that any objections concerning a defect in the parties should be raised by either a verified plea in abatement or a verified denial in the original or amended pleadings, pursuant to Tex.R.Civ.P. 93(4). The record before this Court shows that although the appellees' first amended plea in abatement, filed on November 12, 1982, and which raised the defect in the parties' argument, was sworn to, the appellees' motion to dismiss was not verified.

The appellant's sixth argument asserts that Mercure should have been given an opportunity to amend its pleadings before its cause was dismissed. The transcript reveals that the appellant amended its pleadings four times since the original pleading was filed in November 17, 1980.

In the seventh and last argument, the appellant urges that the trial court abused its discretion by misapplying the law and dismissing the case on improper substitution and statute of limitations grounds. The docket sheet in the transcript shows that the trial court dismissed the case on statute of limitations grounds. However, the order to dismiss was made without prejudice and the limitation finding in the prepared judgment was stricken by the court. This would negate any possibility that the court had dismissed the cause by reason of limitation. The order as reformed by the court, did not specify the grounds upon which the order was based.

The standard of review for this Court is whether the trial court abused its discretion in dismissing the case. Our scope of review is limited to those grounds alleged in the appellees' motion to dismiss. *Country Cupboard, Inc.,* 570 S.W.2d at 75.

■ We find no support in law or in the record for a dismissal of the cause of action on the grounds alleged in appellees' motion to dismiss.

We sustain appellant's point of error.

Appellees' crosspoint of error urges that this appeal should be dismissed because appellant has refiled the same suit made basis of the appeal in a Harris County District Court.

■ We do not consider appellant's refiling of its petition, stating the same cause of action as was stated in the suit involved in this appeal, to constitute an election of remedies. Apparently, appellant refiled its suit in the district court to prevent limitations from running if it was unsuccessful in this appeal. Other than the possibility of preventing limitations from running, appellant derived no benefit because of its filing of the new suit, and appellee suffered no detriment except possibly having to file an answer. Therefore, the election of remedies doctrine does not apply. *McHaney v. Hackleman,* 347 S.W.2d 822, 826 (Tex.Civ.App.—San Antonio 1961, writ ref'd n.r.e.).

Appellees' crosspoint of error is overruled.

The judgment is reversed and the cause remanded.