

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-21-00287-CV**

**ROBERT BURNS MCCALL,**

**Appellant**

**v.**

**THE CITY OF WACO,**

**Appellee**

**From the 74th District Court**
**McLennan County, Texas**
**Trial Court No. 2012-1063-3**

**MEMORANDUM  OPINION**

Robert Burns McCall, acting *pro se*, attempts to appeal from the trial court's judgment signed on September 30, 2021. We will dismiss this appeal for want of jurisdiction.

In the underlying case, the City of Waco, the Waco Independent School District, and the McLennan County Education District sued various individuals to collect allegedly delinquent property taxes. McCall was added as a defendant in Plaintiffs' First

Amended Petition, filed on June 8, 2015. McCall never requested any counter-relief from the plaintiffs.

McCall was omitted as a defendant in Plaintiffs' Third Amended Petition, filed on April 29, 2021. On May 7, 2021, the plaintiffs also filed a Notice of Partial Nonsuit, in which they stated that they "no longer desire to pursue their cause of action in said suit against the Defendants listed below," which included McCall, and that they "do hereby nonsuit this cause of action . . . as it pertains to" those listed defendants. On September 30, 2021, the trial court then signed a final judgment against the remaining defendants who were not included in the Notice of Partial Nonsuit.

"Subject matter jurisdiction requires that the party bringing the suit have standing, that there be a live controversy between the parties, and that the case be justiciable." *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994).

> "An amended pleading supersedes and supplants earlier original pleadings." *Mercure Co., N.V. v. Rowland*, 715 S.W.2d 677, 679 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (citing TEX. R. CIV. P. 65 ("Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as part of the pleading in the record of the cause….")). "[C]auses of action not contained in amended pleadings are effectively dismissed at the time the amended pleading is filed." *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Hous*[.] *Sys.*, 255 S.W.3d 619, 633 (Tex. 2008). "Parties to a suit are just as effectively dismissed from a suit by omitting their names from an amended pleading as where a formal order of dismissal is entered." *Mercure Co.*, 715 S.W.2d at 679; *see Randolph v.* [*Jackson*] *Walker* [*L.L.P.*], 29 S.W.3d 271, 274 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("When a party's name is omitted from an amended pleading, he is effectively dismissed as where a formal order of dismissal is entered.").

*Watanabe v. Summit Path Partners, LLC*, --- S.W.3d ---, No. 01-19-00302-CV, 2021 WL 3501542, at * 14 (Tex. App.—Houston [1st Dist.] Aug. 10, 2021, no pet.).

Furthermore, a nonsuit is effective when filed. *Bush v. Hines*, 594 S.W.3d 713, 714 (Tex. App.—Waco 2019, no pet.) (citing *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam)). Accordingly, when a plaintiff nonsuits his claims against a defendant who has no pending claims for affirmative relief, there is no longer a case or controversy between the parties. *See Estate of Blackmon*, 195 S.W.3d at 100; *see also Hirner v. Doe*, No. 12-08-00046-CV, 2009 WL 1871794, at *1 (Tex. App.—Tyler June 30, 2009, no pet.) (mem. op.).

We therefore conclude that there is no longer a case or controversy between the plaintiffs and McCall. Accordingly, we lack subject matter jurisdiction to consider this appeal. *See Gomez*, 891 S.W.2d at 245.

On December 20, 2021, this Court issued an order notifying McCall that the Court may dismiss this appeal unless, within twenty-one days of the date of the order, McCall showed grounds for continuing this appeal. McCall responded by filing a second notice of appeal. In the second notice of appeal, McCall explains that the final judgment in this case concerns his deceased father and that McCall is willing to defend his father in this proceeding because his father cannot defend himself. But a non-lawyer may not appear *pro se* on behalf of a party. *See Pham v. Harris Cnty. Rentals, L.L.C.*, 455 S.W.3d 702, 710 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding non-lawyer may not act as attorney on behalf of his wife); *see also Kankonde v. Mankan*, No. 08-20-00052-CV, 2020 WL 5105806, at *2 (Tex. App.—El Paso Aug. 31, 2020, no pet.) ("[A] non-attorney cannot litigate an appeal on behalf of an estate or a corporate entity.") (mem. op.). Accordingly, McCall has not shown grounds for continuing this appeal.

This appeal is therefore dismissed for want of jurisdiction.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Dismissed
Opinion delivered and filed March 16, 2022
[CV06]

