**Rodney D. BURTON, Appellant,**

v.

**Sadler BRIDGES, Trustee of the Earlene Tom Trust and the Jim Tom Trust, Appellee.**

**No. 08-82-00106-CV.**

Court of Appeals of Texas, El Paso.

Sept. 1, 1982.

Rehearing Denied Oct. 6, 1982.

---

Will Hadden, Hadden & Hadden, P.C., Odessa, for appellant.

Glen Halsell, Odessa, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

Rodney D. Burton appeals, by writ of error, from a default judgment in favor of a judgment creditor of Bill Darby, which judgment orders the sheriff of Ector County to conduct an execution sale of two lots in the City of Odessa. We dismiss the appeal.

In 1972, Earlene Tom and the executors of the estate of James M. Tom, deceased, recovered judgment in Martin County against Bill G. Darby for $21,952.68. An abstract of judgment was filed in Ector County. In 1974, Rodney Burton deeded to Industrial Empire Corporation Lots 7 and 8, Block 1, North Gate Addition to the City of Odessa. The corporate charter of Industrial Empire Corporation was forfeited by the State of Texas in 1973, but Bill Darby, its President, continued to do business under that name.

In June, 1981, Appellee filed suit seeking to have the two lots sold and the proceeds used to pay a deed of trust note to Burton and the balance paid on the judgment against Darby. The suit named Darby and Burton as defendants. Darby was served with citation by publication, but never answered. Burton was never served. On September 16, 1981, Appellee filed his first amended petition naming only Darby as a defendant, asserting Industrial Empire Corporation and Bill Darby were one and the same, and asking that the lots be sold in satisfaction of the judgment against Darby. On the same day, judgment was entered in which the court found Industrial Empire Corporation was the alter ego of Bill Darby and ordering the lots sold in satisfaction of the judgment against Darby.

On September 30, 1981, Burton filed a motion for new trial. The motion was overruled by operation of law seventy-five days later. In the meantime, Burton deeded these lots to Saul and Pearl Garcia. The Ector County District Clerk issued a writ of execution on January 8, 1982. Appellant's motion to quash the writ was overruled by an order signed on February 24, 1982. However, the trial court authorized Appellant to suspend execution by filing an appropriate bond. The bond was posted and a writ of supersedeas was issued on February 26, 1982.

Appellant filed his petition for writ of error from the September, 1981, judgment on February 26, 1982. Appellant subsequently filed an appeal from the February, 1982, order denying the motion to quash the sale. In March, 1982, the District Clerk of Martin County issued a writ of execution which was delivered to the Ector County sheriff. He published notice for sale of the lots in May, 1982. In order to protect our jurisdiction with regard to the writ of error case, this Court granted a temporary injunction to prevent the sale of the two lots.

■ We must initially decide if Burton has standing to appeal the judgment entered in September, 1981. Under Rule 65, Tex.R.Civ.P., an amended pleading supersedes and supplants the original pleading. Parties to a suit are just as effectively dismissed from a suit by omitting their names from an amended pleading as where a formal order of dismissal is entered. *Sparks v. Aetna Life and Casualty Company*, 554 S.W.2d 228 (Tex.Civ.App.—Dallas 1977, no writ); *Valdez v. Gill*, 537 S.W.2d 477 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.). Since Burton was not named in the amended petition, he was not a party to the suit at the time the judgment was entered. The judgment does not mention Burton nor does it purport to affect him in any way. The record does not reflect any service on Burton, and since he had not appeared and sought any affirmative relief the Appellee, as plaintiff, was clearly entitled to take a non-suit as to Burton. Rule 164, Tex.R.Civ.P.; *McQuillen v. Hughes*, 626 S.W.2d 495 (Tex.1981).

Writ of error is available only to a non-participating party in the trial court. Article 2249a, Section 2, Tex.Rev.Civ.Stat. In *California and Hawaiian Sugar Company v. Bunge Corporation*, 593 S.W.2d 739 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ), the court passed on this issue and said:

A writ of error can only issue at the instance of a party to the suit, or of one whose privity of estate, title, or interest appears from the record of the cause in the court below, or who may be the legal representative of such party.

\* \* \* \* \* \*

Since petitioner was not represented in the trial court, it is not bound by the judgment. Therefore, it has no standing to prosecute this writ of error. The writ is dismissed.

Burton relies upon the holding in *Collins v. Herd*, 295 S.W. 216 (Tex.Civ.App.—Waco 1927, no writ). In that case, Mrs. Herd sued Collins, Dupree & Crenshaw and Pat M. Neff contending that Collins, Dupree & Crenshaw had in their possession certain funds which Mrs. Herd contended belonged to her. The law firm tendered the funds into the court and asked to be dismissed from the controversy. Pat M. Neff filed a plea of privilege. Before controverting that plea, Mrs. Herd sought and obtained Neff's dismissal as a party. She then obtained judgment for the funds in question. On appeal, the court concluded that Neff was a necessary party because without him there was no controversy left to litigate and that the trial court should have either refused to dismiss Neff or should have dismissed the cause as to all parties.

However, the adoption of Rule 39, Tex.R. Civ.P., which became effective in 1971, resulted in the dawning of a new era in this state as to the status of parties. In *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.1974), the court analyzed the new rule and the reason for its adoption and said:

Contrary to our emphasis under Rule 39 before it was amended, today's concern is less that of the jurisdiction of a court to proceed and is more a question of whether the court ought to proceed with those who are present.

\* \* \* \* \* \*

Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined.

Those views were reaffirmed earlier this year in *Pirtle v. Gregory,* 629 S.W.2d 919 (Tex.1982).

■ Since Burton was never served and the court proceeded in his absence, we presume that the court followed the admonition of Rule 39(b), Tex.R.Civ.P., and concluded to proceed in his absence. We hold that Burton was not an indispensable party, that the trial court had jurisdiction to enter judgment against Darby without the joinder of Burton, that Burton was not a party to the judgment, that he is unaffected by it and that he has no right to appeal by writ of error.

The writ of error is dismissed.