The ESTATE OF Johnnie
MURPHY, Appellant,

v.

Sterling B. McCALL, Jr., et al., Appellees.

No. A14–82–801CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 31, 1984.

M. Jack Tabor, Houston, for appellant.

Thomas R. Conner, Smith & Conner, John C. Nabors, Liddell, Sapp, Zivley, Brown & La Boon, Gardy Brown, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, the Estate of Johnnie Murphy, brings this appeal urging that a directed verdict in favor of appellees by the trial judge was improperly granted. In ten points of error, appellant contends that there was insufficient evidence to support the directed verdict, that one appellee was improperly dismissed before the trial on the merits, and that the trial court committed numerous evidentiary errors during the course of the trial. We reverse and remand.

Because the sufficiency of the evidence is challenged, we first summarize the relevant facts. Appellant Murphy entered into a contract in April, 1974 to sell Murphy's Motor Company to appellees, McCall and Copeland. Under the terms of the sales contract, McCall and Copeland purchased outright the machinery and other furnishings of the shop, and leased the premises where they were located. The primary term was three years, with options to extend the lease for two additional terms of three years each. McCall and Copeland also had an option to purchase the property during the primary term for a set amount, and a right of first refusal on the property during the secondary term if they exercised their option to extend the lease period. Appellant Murphy also owned two wrecker permit tags, issued to him by the City of Houston. These tags, of which only a limited number are available citywide, authorized Murphy to operate wreckers in Houston. Murphy also leased these tags to Copeland and McCall for $1.00 per year as long as the lease on the property was in effect. He also agreed to sell the tags to McCall and Copeland should they exercise their option to purchase the property.

After this contract was signed, the parties were informed by the City of Houston that they could not have ownership of the wrecker tag permits in one person and ownership of the wrecker trucks to which they were attached in another. Since Murphy legally owned the tags while McCall and Copeland owned the trucks, the parties agreed to amend their contract regarding the valuable wrecker tag permits. The parties agreed that Murphy would assign the tags to Copeland and McCall, and that McCall and Copeland would then reassign them to Murphy. The latter assignment was to be placed in escrow.

In 1976, McCall and Copeland decided to sell the entire business to appellee Wasser and the corporation in which he is the major shareholder. They then began proceedings to transfer the wrecker tags to Collision Automotive Repair, Inc. (CAR), Wasser's corporation. A hearing was held at the City of Houston Public Service Department, and they then approved the assignment of the tags from Copeland and McCall to CAR.

The primary term of the Murphy lease expired in the spring of 1977, and Copeland and McCall had not exercised their option to purchase at this time. Murphy then filed suit against McCall, Copeland, Wasser and CAR claiming that since CAR now was the apparent owner of the tags, he had been improperly deprived of them. A trial followed at which the judge granted appellees' motion for directed verdict, from which Murphy now appeals.

■ Before trial on the merits began, the court granted appellee Wasser's plea in bar and dismissed the action as to Wasser individually. Although the pleading itself was not included in the appellate record, it appears from the statement of facts that the action against Wasser was dismissed because Murphy failed to state a cause of action as to Wasser individually, but rather sued him only as a corporate representative of CAR. The supreme court has clearly mandated that a cause can be dismissed for failure to state a cause of action only after a party has been given an opportunity to amend its pleadings after special exceptions have been filed and sustained. To hold otherwise would revive the general demurrer discarded by Rule 90, Texas Rules of Civil Procedure, and would, in effect, circumvent the protective features of the special exceptions procedure. *Texas*

**532**

*Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974). *See O'Shea v. Coronado Transmission Co.,* 656 S.W.2d 557, 564 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Since no special exceptions were filed, the trial judge improperly dismissed the action as to Wasser. Appellant's first point of error is sustained.

▮ Appellant next contends that the trial court erred in removing the cause from the jury and directing a verdict for appellees. A party is entitled to a directed verdict when reasonable minds can draw only one conclusion from the evidence. On appeal, we must then determine whether there was any evidence of probative force to raise fact issues on material questions presented. We can only consider the evidence in the light most favorable to the party against whom the verdict was instructed and disregard all evidence and inferences to the contrary. *Collora v. Navarro,* 574 S.W.2d 65, 68 (Tex.1978).

▮ The primary documentary evidence introduced at trial consisted of a contract of sale, the lease of the realty, the lease of the wrecker tags, and an addendum to the contract describing the assignment and reassignment of the tags. As described above, the contract and leases contained provisions for the realty and the tags. The addendum to the contract stated that in accordance with the City of Houston ordinances, Murphy would assign the tags to McCall and Copeland and obtain authorization for the transfer from the City of Houston. It also stated that McCall and Copeland would reassign the tags to Murphy, but that this assignment would be placed in escrow. This was apparently done so that in the City of Houston records it would appear that McCall and Copeland had title to both the tags and the wreckers, even though Murphy would retain actual title to the tags. Regardless of the reasons for the transfer, we find that the very existence of this addendum to the contract raises a fact issue as to whether McCall and Copeland breached their contract agreement with Murphy by assigning ownership of items which they merely leased, (or received on a limited assignment basis) and, in fact, never purchased. Although Murphy's counsel was unable to introduce the actual assignment from McCall and Copeland back to Murphy into evidence, the addendum to the contract indicated that they would make the reassignment. This constitutes some evidence of their intent to so do.

▮ Appellees also suggest that the reassignment from McCall and Copeland to Murphy separated personal ownership of the wrecker tags from that of the trucks, which they owned, and thus violated the City of Houston ordinance prohibiting such division of ownership. Without ruling on this assertion of alleged illegality by appellees, we note that the judge only took judicial notice of the Houston City ordinance, but the ordinance was never specifically introduced into evidence. A district court cannot, however, take judicial notice of a city ordinance. It must be properly proved just as any other fact. *Chambers v. Lee,* 566 S.W.2d 69, 72 n. 1 (Tex.Civ.App.—Texarkana 1978, no writ). Since this ordinance was not in evidence, appellees' argument that the reassignment contract was illegal because of the ordinance must fail. Accordingly, Murphy's insufficiency point of error is sustained.

▮ Appellant also complains that the trial judge erred by not permitting Mrs. Murphy, who acted as Mr. Murphy's bookkeeper in the shop, and a man who had worked with the wreckers in Mr. Murphy's shop from testifying as to their opinion concerning the value of the permits. Such testimony was offered on the issue of damages. We find that the trial judge was unduly restrictive in his rulings and therefore abused his discretion by not allowing the witnesses to so testify. *See generally Morgan v. Morgan,* 657 S.W.2d 484, 487–88 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd); *Dillon v. Troublefield,* 601 S.W.2d 141, 143 (Tex.Civ.App.—Austin 1980, no writ). On Bills of Exceptions, both witnesses qualified themselves by testifying that they worked in the shop and were familiar with the value of the permits.

Any alleged deficiencies in their proffered testimony go to the weight thereof and not to the admissibility of such testimony. These points of error are also sustained.

In view of our disposition of the case above, it is not necessary to reach appellant's remaining points. Accordingly, the judgment of the trial court is reversed and the cause remanded for trial on the merits.