Ronald and Melody ABRAMCIK, Doyle and Rebecca Sue Crutchfield, Mike and Angie Addison, Clint and Isabel Beacham, Brett and Robin Bell, Ken and Sandy Bradshaw, Randy and Cynthia Brown, James and Pamela Campbell, Ernest and Joan Collins, Gilbert and Esperanza De Hoyos, Jerry W. Taylor, Keith and Brenda Eddlemon, George and Gayle Elam, David and Rosalind Gallagher, Albert and Irma Garza (Curtis), Roy and Patsy Gilbert, Yolanda Alanis (Guevara), Victor and Gellena Hall, Eugene and Virginia Hall, Ray and Pauline Hammons, Gary and Claudia Hawn, David and Ginger Helm, James and Suzan Hernandez, Lloyd and Sally Hicks, Joseph Hostasch, Jr., Fred and Ester Juarequi, Nat and Barbara Krone, Michael Leaverton, Benjamin and Ida C. Liles, James and Mary Martin, Jessie and Corina Mayo, James and Carol McClellan, Rick and Anita McComb, David and Debbie Mitchem, Lanny and Judy Okelberry, Richard and Vera Petitt, Vannachack and Ling Ling Phouanesavath, Frank and Debra C. Preston, Sammy and Dorothy Propes, Steve and Yvonne Raney (Austin), Daniel and Vickie Rivera, Ray and Connie Rodriguez, Raymond F. Sierleja, Robert and Deborah Sorge, Reese and Paula Stalcup, Eugene and Mary Stele, Mark and Donna Stoneciper, Larry P. and Pamela Taylor, James and Marlene Varley, Ernest S. and Joyce L. Wehba, Robert E. and Mary L. White, Appellants,

v.

U.S. HOME CORPORATION, Appellee.

No. B14–88–00866–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 21, 1990.

Rehearing Denied July 26, 1990.

Mike O'Brien, James R. Moriarty, Houston, for appellants.

A. Glenn Diddel, III, Patricia Hair, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS, JUNELL, CANNON, DRAUGHN, MURPHY and ELLIS, JJ., en banc.

## ON MOTION FOR REHEARING

SEARS, Justice.

On appellants' motion for rehearing, we heard oral argument en banc. We now grant the motion for rehearing, withdraw our original opinion of March 1, 1990, and reverse and remand.

This is an appeal from a summary judgment granted in favor of U.S. Home (appellee). In October 1984, Park Meadows Section 4 Civic Association, Kenneth Bradshaw, and Carol McClellan filed a class action against U.S. Home. Because the trial court refused to certify the suit as a class action, plaintiffs amended their petition naming 123 homeowners as individual plaintiffs. Plaintiffs later filed fourth and fifth amended petitions, adding and deleting individual plaintiffs. Park Meadows Section 4 Civic Association remained in the suit as a named plaintiff in each of these amended petitions.

In February 1988, appellants filed their sixth amended original petition. This petition did not list the *individual* names of the plaintiffs, but generically referred to them in the style as "PARK MEADOWS SECTION 4 CIVIC ASSOCIATION, INC., ET AL," and as "all plaintiffs" in the opening paragraph of the petition. In May 1988, U.S. Home filed a plea in abatement objecting to Park Meadows as a party to the lawsuit. Appellants then filed a motion for voluntary non-suit, requesting the court to dismiss Park Meadows. On June 8, 1988, the trial court granted appellants'

motion and dismissed Park Meadows. On June 27, 1988, appellee filed a "Motion to Close File," contending the voluntary non-suit on behalf of Park Meadows effectively dismissed all plaintiffs. That same day appellants filed their seventh amended original petition, renaming the individual plaintiffs in the style. Appellee then filed a motion to strike the seventh amended original petition and moved for summary judgment on the ground these "new" plaintiffs were intervenors and were barred by limitations. The trial court granted appellee's motion to strike and granted its motion for summary judgment.

Appellants contend the trial court erred in granting summary judgment because their sixth amended original petition did not dismiss the individual plaintiffs from the suit. Specifically, they contend the generic use of the term "et al" in the style, as well as "and all plaintiffs" in the opening paragraph, was sufficient to retain the plaintiffs as parties. Alternatively, appellants argue the sixth amended original petition at most created an ambiguity, subject to special exception, as to the name of each individual plaintiff.

Appellee argues the omission of the individual names of the plaintiffs effectively dismissed them from the suit. It relies on a litany of cases holding that the omission of a party, even if inadvertent, operates to dismiss that party from a suit as effectively as if a formal order of dismissal has been entered. *See Webb v. Jorns,* 488 S.W.2d 407 (Tex.1973); *Ridley v. McCallum,* 139 Tex. 540, 163 S.W.2d 833 (1942); *Mercure Co., N.V. v. Rowland,* 715 S.W.2d 677 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Burton v. Bridges,* 641 S.W.2d 635 (Tex.App.—El Paso 1982, writ ref'd n.r.e.); *Dingman v. Spengler,* 371 S.W.2d 416 (Tex.Civ.App.—El Paso 1963, writ ref'd n.r.e.); *Brennan v. Greene,* 154 S.W.2d 523 (Tex.Civ.App.—San Antonio 1941, writ ref'd). The purpose of the rule promulgated in these cases, however, is to insure that pleadings meet the fair notice requirement of TEX.R.CIV.P. 45. In each of the cases cited by appellee the party omitted was *the defendant.*

Nonetheless, appellee asks us to apply the rule to plaintiffs as well as defendants, and contends our failure to do so will result in confusion regarding the petitioners' identities. We disagree. During the time the "et al" pleading was the live pleading, appellee noticed the depositions of several plaintiffs who were not individually "named" in that pleading. Although we agree the omission of a *defendant* acts as a voluntary dismissal, we find the "omission" rule inapplicable to plaintiffs who have been individually named in prior pleadings and have been generically referred to in a subsequent pleading.

In the event the generic language results in confusion, the pleading is subject to a special exception to identify by name all plaintiffs. A defect in pleadings results in dismissal only *after* special exceptions have been filed and sustained, and *after* a party has been given an opportunity to amend. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974); *Estate of Murphy v. McCall,* 678 S.W.2d 530 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). A special exception points out a pleading's "defect, omission, obscurity, duplicity, or other insufficiency." Tex.R. Civ.P. 91. Although appellee styled its motion as a "Motion to Close File," it was actually a challenge to the sufficiency of the sixth amended petition's identification of "and all plaintiffs"; therefore, it was a special exception. The trial court should have treated the motion as if it had been properly designated and should have sustained the exception. Tex.R.Civ.P. 71. We find the trial court erred in failing to recognize plaintiffs' seventh amended original petition a response to the special exception, and erred in finding the plaintiffs in that petition were intervenors and were barred by limitations.

We find that the generic description of the plaintiffs in the style and in the opening paragraph of the sixth amended original petition was sufficient to maintain the cause of action as to all plaintiffs individually named in the fifth amended original petition.

We reverse the judgment and remand the cause to the trial court.

PAUL PRESSLER, J., not participating.

ROBERTSON, Justice, dissenting.

Because I believe the majority errs in holding that the language "et al" and "and other plaintiffs" was sufficient to maintain the cause of action as to all individual plaintiffs, I respectfully dissent.

The law in Texas is clear that "[p]arties to a suit are just as effectively dismissed from a suit by omitting their names from an amended pleading as where a formal order of dismissal is entered." *Mercure Co., N.V. v. Rowland,* 715 S.W.2d 677, 679 (Tex.App.—Houston [1st Dist.] 1986, no writ). The majority acknowledges the line of cases so holding, but attempts to distinguish them by stating that each of those cases involves the omission of a defendant's name from the pleading. The majority goes on to hold "the 'omission' rule inapplicable to plaintiffs who have been individually named in prior pleadings and have been generically referred to in a subsequent pleading." I disagree.

Our rules of civil procedure require that a plaintiff's petition *"shall* state the names of the parties and their residences, if known...." Tex.R.Civ.P. 79 (emphasis added). The purpose of this rule is to allow the defendant to identify a particular plaintiff with a particular law suit. *Presley v. Wilson,* 125 S.W.2d 654, 656 (Tex.Civ.App. —Dallas 1939, writ dism'd judgmt cor.). Given this mandate, I believe the omission of a plaintiff's name from a pleading serves as a dismissal of that party to the lawsuit the same as if the omitted party was a defendant.

In declining to apply the "omission" rule to omitted plaintiffs, the majority relies on the fact that during the time the "et al" pleading was the live pleading, appellee noticed the depositions of several plaintiffs not individually named in the pleading. The record shows, however, that throughout the life of this lawsuit, plaintiffs were consistently being added or removed from the suit. Given this fact, I fail to see how

appellee could have ascertained the names of the plaintiffs remaining in the suit unless those plaintiffs were individually named in the petition. The majority places the burden of determining the plaintiffs' names on the defendant while the rules of civil procedure place that onus on the plaintiffs.

The majority also finds that appellee's "Motion to Close File" was actually a special exception which allowed appellants the opportunity to amend their pleading. Again, I disagree. Because I believe the individual plaintiffs were dismissed from the suit when their names were omitted from the petition, there was no ambiguity which could have been resolved by a special exception. Appellee's motion was nothing more than an attempt to bring to the court's attention the fact that all plaintiffs had been dismissed from the suit.

Because the omission of the individual plaintiffs' names from the sixth amended original petition effectively dismissed those plaintiffs from the suit, and because appellees were not entitled to the benefit of a special exception, I believe the trial court acted properly in granting appellee's motion to strike the seventh amended original petition as well as its motion for summary judgment. I, therefore, respectfully dissent.

MURPHY, J., joins in this dissent.