COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

ANTHONY C. AGUILAR and                             )     

SUSAN B.
AGUILAR,                                         )                    No. 
08-01-00438-CV

                                                                              )

Appellants,                         )                             Appeal from

                                                                              )     

v.                                                                           )                 County Court at Law No. 7

                                                                              )

LVDVD, L.C.,                                                      )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                        (TC# 2001-3867)

 

O
P I N I O N

 

Anthony
C. Aguilar and Susan B. Aguilar (the Aguilars) appeal
from a summary judgment granted in favor of LVDVD, L.C. (the Dairy).  Finding no error, we affirm.

FACTUAL SUMMARY

This
case arises out of a dispute between the owners of adjacent properties with
frontage on North Loop in Socorro, El Paso County, Texas.  The Aguilar property is a farm and consists
of a main house, utility house, separate office, a barn, and storage facilities.  The Aguilars
obtained their water from a well located on the property.  Adjacent to the Aguilars= property is land owned by the Trujillo
family.  The Aguilars
allege that in November and December 1996, Henry Trujillo dumped a large amount
of manure onto the Trujillo property which was subsequently plowed.  After the Trujillo property was irrigated,
the water from the Aguilars=
well changed.  Flies proliferated, the 








water had a sewer odor, and the family stopped drinking
it.  The flies and odor continued but to
a lesser extent each year.  The Aguilars filed an original petition in 1997 against several
defendants, including members of the Trujillo family.  On November 12, 1998, the Aguilars
filed a second amended original petition and added the Dairy as a
defendant.  On June 27, 2001, the Aguilars filed a motion for partial summary judgment
pursuant to Tex.R.Civ.P. 166a(c).  On August 27, 2001, the Dairy filed a
no-evidence motion for summary judgment. 
The court conducted a hearing on the Aguilars= motion on September 7, 2001 and orally
denied the motion.  A written order was
signed by the trial court on October 12, 2001.

On
September 27, 2001, the Aguilars filed special
exceptions to the Dairy=s
motion for summary judgment.  The next
day, they filed a fifth amended original petition alleging that the Dairy acted
in concert with the Trujillos to discharge industrial
and/or agricultural waste such that it was jointly and severally liable for the
Aguilars=
damages.  The Aguilars
claimed that the Dairy hired and paid Henry Trujillo to transport and discharge
the waste and that the discharge created a nuisance.  The Aguilars also
sought a permanent injunction.  On
September 28, and 29, 2001, the defendants--including the Dairy--supplemented
their responses to discovery requests and named several expert witnesses whom
the defendants anticipated would be called by them to testify.  In response, the Aguilars
sought a continuance of the hearing on summary judgment.  Following a hearing on October 5, 2001, the
trial court denied the Aguilars= motion for continuance and special
exceptions; it orally granted the Dairy=s
no-evidence motion for summary judgment. 
Counsel for the Dairy orally requested a severance which the trial court
orally granted.  Written orders were
signed on October 12, 2001.  This appeal
follows.








SPECIAL
EXCEPTIONS TO THE DAIRY=S

MOTION
FOR SUMMARY JUDGMENT

 

In Point of Error No. One, the Aguilars
contend that the trial court erred in denying their
special exceptions to the Dairy=s
motion for summary judgment because the motion was Avague
and ambiguous.@  Specifically, they complain that the style of
the motion did not indicate that the Dairy was a party to the summary judgment
proceeding.  They also alleged that
because the motion named only Anthony C. Aguilar as a plaintiff, they did not
know whether an answer was required from Susan B. Aguilar as well.[1]

We
apply an abuse of discretion standard in reviewing a trial court=s ruling on special exceptions.  Burgess v. El Paso
Cancer Treatment Ctr., 881 S.W.2d 552, 554-55 (Tex.App.--El
Paso 1994, writ denied).  We will
reverse only if the trial court acted without reference to any guiding rules or
principles, or in other words, acted in an arbitrary and unreasonable
manner.  Id.  Appellants rely on a litany of cases and
statutes holding that the omission of a party operates to dismiss that party
from a suit or indicates an intention to non-suit.  Their reliance upon these cases is misplaced.









As
to the status of the Dairy as a party to the summary judgment proceeding, usage
of the designation Aet al@ in the style of a pleading to refer to
additional parties named in a previous pleading is proper.  See Abramcik v. U.S. Home Corp., 792 S.W.2d 822 (Tex.App.--Houston [14th Dist.] 1990, writ denied).  Abramcik
involved a summary judgment taken in a class action suit filed by Park Meadows
Section 4 Civic Association and two other parties against U.S. Home
Corporation.  Id.
at 823.  After the trial court
refused to certify the suit as a class action, the plaintiffs amended their
petition naming over one hundred individual plaintiffs.  Id. 
The plaintiffs filed fourth and fifth amended petitions, adding and
deleting individual plaintiffs.  Abramcik, 792 S.W.2d 823.  Park Meadows remained as a named plaintiff in
each of these petitions.  Id.  In the sixth amended petition, the individual
names of the plaintiffs did not appear and instead were referred to as APark Meadows Section 4 Civic
Association, Inc., et al,@
and as Aall
plaintiffs@ in the
opening paragraph of the petition.  Id.  Park Meadows took a voluntary non-suit.  Id. 
The plaintiffs then filed a seventh amended original petition, renaming
the individual plaintiffs in the style.  Id.  U.S. Home moved to strike the petition and
moved for summary judgment which the trial court granted.  Id. 
On appeal, the original plaintiffs contended that the sixth amended
petition did not dismiss the individual plaintiffs from suit and that the use
of the term Aet al@ in the style, as well as Aall plaintiffs@
in the opening paragraph was sufficient to retain the plaintiffs as
parties.  Id.  The court of appeals determined that while
the omission of a defendant acts as a voluntary dismissal, this rule is
inapplicable to plaintiffs who have been individually named in prior pleadings
and have been generically referred to in a subsequent pleading.  Id. at 824.  The court found the generic description of
the plaintiffs in the style and in the opening paragraph of the sixth amended
original petition Asufficient
to maintain the cause of action as to all plaintiffs individually named in the
fifth amended original petition.@  Id.

Here,
Susan B. Aguilar was individually named in the Dairy=s
original answer.  The generic reference
to both of the Aguilars through the use of Aet al@
and Aplaintiffs@ in the style of the motion for summary
judgment and in the body of the motion itself is sufficient to retain both of
the Aguilars as parties.  Moreover, there could not have been any
confusion about the identity of the plaintiffs referred to in the style of the
motion.  The only parties that could have
been referred to in the style of the motion as APlaintiffs@ are Anthony Aguilar and his wife.








The
Aguilars also rely on Tex.R.Civ.P. 79
to argue that a motion for summary judgment must state the names of all of the
parties.  Rule 79 provides that a Apetition shall state the names of the
parties and their residences, if known, together with the contents prescribed
in Rule 47 above.@  Tex.R.Civ.P. 79.  The Aguilars claim a summary judgment motion is tantamount to a
Apetition@
requesting relief pursuant to Tex.R.Civ.P. 166a.  They cite no authority for this
proposition.  We find no abuse of
discretion in the denial of the Aguilars= special exceptions.  Point of Error No.
One is overruled.

THE MOTION FOR CONTINUANCE

Points
of Error Nos. Two and Three relate to the denial of the Aguilars= motion for continuance on the summary
judgment hearing.  The Aguilars claim that the continuance was necessary because
discovery was still ongoing. 
Specifically, they argue that substantial supplemental discovery was
tendered on the last date for discovery, effectively depriving them of their
right to obtain additional discovery for use in answer to the motion for
summary judgment.








We
apply an abuse of discretion standard of review.  Villegas v. Carter,
711 S.W.3d 624, 626 (Tex. 1986). 
A trial court may grant a continuance on sufficient cause supported by
affidavit, by consent of the parties, or by operation of law.  See Tex.R.Civ.P. 251.  An appellate court may not overrule the trial
court=s
decision unless the court acted unreasonably or in an arbitrary manner without
reference to guiding rules or principles. 
Id.  When a party contends
that it has not had an adequate opportunity for discovery before a summary
judgment hearing, it must file an affidavit explaining the need for further
discovery or a verified motion for continuance. 
Tenneco, Inc. v. Enterprise Products Co., 925
S.W.2d 640, 647 (Tex. 1996). 
Failure to comply with this requirement creates a rebuttable
presumption that the trial court did not abuse its discretion in denying the
motion.  Ricardo N.,
Inc. v. Turcios de Argueta,
870 S.W.2d 95, 108 (Tex.App.--Corpus Christi 1993,
pet. granted), aff=d
in part and rev=d
in part, 907 S.W.2d 423 (Tex. 1995). 
Whether a continuance should be granted is to be judged in light of
facts before the trial judge at the time the motion is presented.  Gulf Ins. Co. v. Dunlop
Tire and Rubber Corporation, 584 S.W.2d 886, 889 (Tex.Civ.App.--Dallas
1979, writ ref=d n.r.e.).  Rule
252 requires that the movant demonstrate that the
requested discovery is material and that he has exercised due diligence to
obtain the discovery.  Tex.R.Civ.P. 252; Pape
v. Guadalupe-Blanco River Authority, 48 S.W.3d 908 (Tex.App.--Austin
2001, writ denied).

Although
the Aguilars=
motion for continuance is not accompanied by an affidavit, it is in the form of
a properly verified motion.  The motion
references the expert witnesses that were named in the supplemented discovery
requests provided by the defendants. 
However, while the motion is in proper form, it does not provide
sufficient detail regarding the materiality of the discovery nor does it
indicate that the Aguilars had used due diligence to
obtain the testimony.  Instead, the
motion requests additional time to depose these experts and states that the Aguilars were attempting to work with counsel for the
defendants to set a convenient time for the depositions.  The Aguilars
explain that the testimony of these witnesses would Amaterially
assist them in any summary judgment proceeding and/or at trial of the case.@ 
At the hearing, the Aguilars made the same
argument set forth in their motion for continuance.  They did not provide any details as to what
might be developed through depositions in relation to the elements set forth in
the Dairy=s motion
for summary judgment.  Paragraphs III and
IV of the motion for summary judgment state: 

III.








There is no evidence
that any person for whose actions the Dairy may be liable committed any action
that caused damage to Plaintiffs or their property.  There is no evidence that any person for
whose actions the Dairy may be liable omitted any action that caused damage to
Plaintiffs or their property.

 

IV.

 

Plaintiffs will have
the burden at trial to prove that some action or failure to act was both:

 

a.  attributable to the Dairy; and

b.  a cause in fact of some damage to
Plaintiffs or their property.  

 

The motion for
summary judgment challenged the Aguilars= claims regarding a concerted action
between Henry Trujillo and the Dairy and creation of a nuisance.  The motion for continuance does not discuss
how the expert testimony would develop the evidence on these issues.  Nor does the motion address due diligence by
the Aguilars to conduct discovery of these expert
witnesses, especially in light of the fact that the case had been pending
against the Dairy since 1998.  While the
motion does indicate that the Aguilars were making
attempts to conduct depositions after having received the supplemental
discovery, there is no mention of earlier attempts to obtain the testimony.








The
Aguilars complain that the late designation of the
expert witnesses by the Dairy denied them an opportunity to fully depose the
witnesses in preparation for a response to the no-evidence motion for summary
judgment or for the upcoming trial.  At
oral argument, the Dairy responded that it could not have designated its expert
witnesses prior to September 28 because it was awaiting the Aguilars= designation of their own
witnesses.  The record reveals that the
two parties designated their expert witnesses around the same time.  While there is no indication of the precise
date the Aguilars designated their experts, the
record reveals that the Aguilars did not make such a
designation until thirty days prior to the trial date, which at that point was
scheduled for October 29.  In fact, the Aguilars requested that the trial court enter an order that
their designation thirty days prior to trial was timely since they had not made
their designation ninety days prior to the end of the discovery period.  The trial court agreed.

Our
review of the record reveals that the expert witnesses designated in the Dairy=s supplemental responses would not have
any knowledge about matters addressed in the no-evidence motion for summary
judgment, including the nuisance and vicarious liability claims.  The only exception is the designation of
Bradley Bouma. 
The supplemental responses stated that Bouma
was active in the supervision of the Dairy operation, was aware of the methods
employed by the Dairy to ensure regulatory compliance, and knew that Trujillo
was an independent contractor and not an employee or agent of the Dairy.  However, Bouma=s name was not provided to the Aguilars for the first time on September 28.  Bouma was deposed
by the Aguilars in April 2001.  Excerpts from his deposition testimony were
included as part of the Aguilars= evidence filed in support of their own
motion for partial summary judgment.  The
Dairy attached an affidavit by Bouma in support of
its brief in opposition to the Aguilars= motion.  The Aguilars had
sufficient time to question Bouma regarding any
matters relevant to the Dairy=s
no-evidence motion.  Because the motion
failed to discuss how the expert witnesses would assist the Aguilars
to develop evidence on any of the issues addressed in the motion for summary
judgment and because there was no showing of due diligence in obtaining the
discovery, we find no abuse of discretion in the denial of the motion for
continuance.  Points or Error Nos. Two
and Three are overruled.

THE AGUILARS=
MOTION FOR PARTIAL SUMMARY JUDGMENT








Points
of Error Nos. Four and Five pertain to the effect of the Aguilars= traditional motion for partial summary
judgment on the Dairy=s
no-evidence motion for summary judgment. 
The Aguilars contend that the trial court
should have considered the evidence attached to their motion in passing upon
the Dairy=s
motion.  This evidence, they suggest,
raised more than a scintilla of evidence to defeat summary judgment.

The
Aguilars filed their motion on June 27, 2001.  In support, they tendered responses to
requests for admissions, deposition testimony, affidavits, photographs, and
test results.  The Dairy filed its
no-evidence motion on August 27, 2001. 
The Aguilars did not file a response.  The Aguilars= motion was heard and orally denied on
September 7, 2001; the written order was signed on October 12, 2001.  The Dairy=s
motion was heard on October 5, 2001; a written order granting summary judgment
was signed on October 12, 2001.  The
issue, then, is whether the Aguilars= motion and attached evidence filed
pursuant to Rule 166a(c) satisfied Rule 166a(i)=s requirement that evidence be produced
raising a genuine issue of material fact on the challenged elements.

The
Aguilars argue that a trial court must consider all
evidence accompanying motions for summary judgment filed by opposing parties
when deciding whether to grant the motions. 
However, in each of the cases cited for this proposition, the two
motions at issue were filed pursuant to Rule 166a(c), not Rule 166a(i).








A
no-evidence summary judgment under Rule 166a(i) is essentially a pretrial directed verdict, and a
reviewing court applies the same legal sufficiency standard.  Wyatt v. Longoria,
33 S.W.3d 26, 31 (Tex.App.--El Paso 2000, no pet.).  The party moving for summary judgment on this
basis must specifically state the elements as to which there is no
evidence.  Tex.R.Civ.P. 166a(i).  The burden then
shifts to the non-movant to produce evidence raising
a fact issue on the challenged elements. 
Id.  When reviewing a
no-evidence summary judgment, the reviewing court views the evidence in the
light most favorable to the non-movant disregarding
all contrary evidence and inferences.  Merrell Dow Pharmaceuticals, Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997). 
A no-evidence summary judgment is improperly granted if the respondent
counters with more than a scintilla of probative evidence to raise a genuine
issue of material fact.  See Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 432 (Tex.App.--Houston [14th Dist.] 1999, no pet.); Jackson
v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.App.--Austin
1998, no pet.).  Less than a
scintilla of evidence exists when the evidence is Aso
weak as to do no more than create a mere surmise or suspicion . . . .@ 
Id. quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).  More than a scintilla of evidence exists when
the evidence Arises to
a level that would enable reasonable and fair-minded people to differ in their
conclusions.@  Id. at 432-33, quoting
Havner, 953 S.W.2d at 711.  Where the trial court has granted summary
judgment without stating the grounds for doing so, the reviewing court must
consider all grounds for judgment presented in the motion and affirm if any has
merit.  Weiner v.
Wasson, 900 S.W.2d 316, 317 (Tex. 1995).

A
traditional motion for summary judgment filed in accordance with Rule166a(c) is
evaluated differently.  The movant in a Rule 166a(c) motion has the burden of proving
there is no genuine issue of material fact and that the movant
is entitled to judgment as a matter of law. 
Tex.R.Civ.P. 166a(c); M.D. Anderson Hosp. and Tumor Institute v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  None of the cases cited by the Aguilars address whether a trial court must consider
evidence supporting a Rule 166a(c) summary judgment motion when deciding
whether to grant an opposing party=s
Rule 166a(i) motion for summary judgment.








In
Saenz v. Southern Union Gas Co., we addressed the issue of whether the
existence of the appellant=s
summary judgment response and attached evidence contained in the court=s file satisfied Rule 166a(i)=s
requirement that he produce evidence raising a genuine issue of material
fact.  Saenz v.
Southern Union Gas Co., 999 S.W.2d 490, 493 (Tex.App.--El
Paso 1999, pet. denied).  Saenz
filed a discrimination suit against his employer, Southern Union Gas Company
(SUG).  Id. at
491.  SUG moved for summary
judgment which the trial court granted.  Id.  The case was remanded by the appellate court
to allow Saenz to amend his pleadings.  Id.  On remand, Saenz amended his pleadings.  Id. at 492.  SUG moved for summary judgment pursuant to
Rule 166a(i) on the ground
that there was no evidence that it discriminated against Saenz in violation of
state law.  Id.  Saenz filed a motion in which he recited that
the evidence produced in response to the first summary judgment motion was
sufficient to meet Rule 166a(i)=s requirement that he point out
evidence that raised a fact issue on the challenged element.  Id. 
The trial court granted SUG=s
summary judgment motion.  Id.  We held that Aa
nonmovant does not meet [the Rule 166a(i)] requirement by the mere existence in the court=s file of a response to an earlier
summary judgment motion.@  Id. at 494. AWhile we do not interpret Rule 166a(i) as requiring a party to
needlessly duplicate evidence already found in the court=s
file, a party must nevertheless insure that the evidence is properly before the
trial court for consideration in resolving the motion for summary judgment.@ 
Id. To insure that the evidence was properly before the trial
court, Saenz could have asked the trial court to take judicial notice of the
evidence made in response to the first motion for summary judgment.  Id.








While
the appellant in Saenz was a non-movant
on the initial motion for summary judgment and the Aguilars
were the movants of the initial motion for
summary judgment, this is not a difference upon which the cases should be
distinguished.  In both cases, Saenz and
the Aguilars failed to insure that the evidence
attached to their pleadings was properly before the trial court for
consideration in resolving the Rule 166a(i) motions. 
Moreover, the Aguilars filed no response to
the Dairy=s
no-evidence motion for summary judgment nor did they ask the court to take
judicial notice of the evidence attached to the Rule 166a(c) motion before
ruling on the no evidence summary judgment. 
Thus, the trial court was not required to consider the summary judgment
evidence attached to the Aguilars= motion when determining whether the Aguilars satisfied Rule 166a(i)=s
requirement that they produce evidence that raised a genuine issue of fact.

We
further reject the suggestion that this case fits the model of competing
motions for summary judgment which are pending and heard simultaneously.  The Aguilars= motion had already been denied by the
trial court before the Dairy=s
no-evidence motion  was
heard.  The Aguilars
filed their Rule 166a(c) motion on June 27, 2001.  The hearing was held September 7, 2001, and
at the conclusion, the trial court stated, AI=m going to go ahead and deny the Motion
for Summary Judgment today.@  The written order denying the motion was not
signed until October 12, 2001.  Judgment
is rendered when the court makes an official announcement in open court or by
memorandum filed with the clerk.  S&A Restaurant Corp. v. Leal, 892 S.W.2d
855, 857 (Tex. 1995); Keim v. Anderson,
943 S.W.2d 938, 942 (Tex.App.--El Paso 1997, no
writ).  The signature of the trial court
upon the writing of the judgment is merely a ministerial act of the court
conforming to the provisions of Rule 306a(2) of the Texas Rules of Civil
Procedure, which requires that all judgments, decisions, and orders be reduced
to writing and signed by the trial judge with the date of signing.  Henry v. Cullum Companies, Inc., 891 S.W.2d 789, 792 (Tex.App.--Amarillo 1995, writ denied).  The trial judge=s
signature upon the written document does not affect or change the date of the
rendition of judgment.  Id.  Thus, the trial court=s
denial of the Aguilars=
motion was effective September 7 such that it was not pending when the
Diary=s motion
was heard on October 5.  Because the Aguilars could not produce evidence raising a fact issue on
one or more elements of its claim against the Dairy, we overrule Points of
Error Nos. Four and Five. 

THE AGUILARS=
NUISANCE CLAIM








In Point of Error No. Six, the Aguilars
complain that the Dairy=s
motion for summary judgment did not refer to elements in a nuisance cause of
action or any acts causing the nuisance as alleged in the Aguilars= fifth amended original petition.  A nuisance is a condition that substantially
interferes with the use and enjoyment of land by causing unreasonable
discomfort or annoyance to persons of ordinary sensibilities attempting to use
or enjoy it.  Walton
v. Phillips Petroleum Co., 65 S.W.3d 262, 270 (Tex.App.--El
Paso 2001, no pet.), citing Nugent v. Pilgrim=s
Pride Corp., 30 S.W.3d 562, 574-75 (Tex.App.--Texarkana
2000, pet. denied).  

A nuisance may arise
by causing (1) physical harm to property, such as by the encroachment
of a damaging substance or by the property=s
destruction, (2) physical harm to a person on his property from an assault on
his senses or by other personal injury, and (3) emotional harm to a person from
the deprivation of the enjoyment of his property through fear, apprehension, or
loss of peace of mind.  [Emphasis added].

 

Walton, 65 S.W.3d at 270.  The
Dairy moved for summary judgment on the ground that there was no evidence that
it or some other person for whose actions the Dairy might be liable committed
any action that caused the Aguilars= damages, which in this case was the
encroachment of a damaging substance  on the property.  The Dairy=s
motion clearly identified an element in a nuisance cause of action on which
there was no evidence presented--causation. 
Because the Aguilars did not file a response
and the trial court was not required to consider the evidence attached to their
motion for partial summary judgment, the Aguilars
failed to provide some evidence on causation in order to raise a genuine issue
of fact.  Point of
Error No. Six is overruled.

THE AGUILARS=
PERMANENT INJUNCTION ACTION








In Point of Error No. Seven, the Aguilars
argue that the trial court erred in granting summary judgment because the
motion did not include any matter directed to their cause of action for
permanent injunction.  As in Walton,
the request for injunctive relief is related to the nuisance cause of
action.  Id.  Because the Aguilars
failed to establish evidence of causation and damages, they could not prevail
on a nuisance cause of action, and thus are not entitled to either injunctive
relief or damages.  Point
of Error No. Seven is overruled.  

THE ORDER OF SEVERANCE

In Point of Error No. Eight, the Aguilars
argue that the order severing their claims against the Dairy is erroneous
because the summary judgment did not contain a Mother Hubbard clause and did
not dispose of the request for injunctive relief.  At the October 5 hearing on the Dairy=s no-evidence motion, and following the
trial court=s
announcement that it would grant the motion, counsel for Dairy orally requested
severance.  The trial court granted the
request.  The record shows the following
exchange:

Counsel for the
Dairy:  I wonder if you might orally
order that LVDVD, L.C. be severed, all claims against that particular defendant
be served [sic] and docketed under another style so that the order of dismissal
will effect a final judgment in that case and then it will be subject to
appeal.

 

*
* * * *

 

The Court:  I=ll grant the severance in this particular matter.

 

The court signed
both the summary judgment and the order of severance on October 12, 2001.  The summary judgment recites the
following:  

On the 5th day of
October, came to be considered Defendant LVDVD, L.C.=s Motion for Summary Judgment.

 

*
* * * *

 

The Court, being of
the opinion that LVDVD, L.C.=s
Motion for Summary Judgment should be in all respects granted, 

 

IT IS ORDERED that
LVDVD, L.C.=s
Motion for Summary Judgment be and it is hereby granted. 








IT IS ORDERED, ADJUDGED and DECREED that Plaintiffs Anthony C.
Aguilar and Susan B. Aguilar take nothing by their suit against LVDVD, L.C.

 

*
* * * *

 

SIGNED
this    12    day of October, 2001.

 

/s/                                         

District Judge

 

[Emphasis
added].  The severance order provided
that all claims of Anthony C. Aguilar and Susan B. Aguilar against the Dairy
were to be filed under a new cause number in which Anthony C. Aguilar and Susan
B. Aguilar were the plaintiffs and the Dairy was the sole defendant.  

A
judgment is final if it disposes of all parties and issues.  See North East
Independent School District v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966).  A AMother
Hubbard@ clause
by itself does not indicate that a judgment rendered without a conventional
trial, as here, is final for purposes of appeal.  Guajardo v. Conwell, 46 S.W.3d 862, 864 (Tex. 2001).  In Lehmann
v. Har-Con Group, the Texas Supreme Court addressed
whether a final judgment must dispose of all parties and claims specifically or
by general language.  Lehmann v. Har-Con Group, 39 S.W.3d 191 (Tex. 2001).  The court held:

We no longer believe
that a Mother Hubbard clause in an order or in a judgment issued without a full
trial can be taken to indicate finality. 
. . .  [I]n cases in which only
one final and appealable judgment can be rendered, a
judgment issued without a conventional trial is final for purposes of appeal if
and only if either it actually disposes of all claims and parties then before
the court, regardless of its language, or it states with unmistakable
clarity that it is a final judgment as to all claims and all parties.  [Emphasis added].

 








Lehmann, 39 S.W.3d at 192-93.  The court added that the  Aunmistakable
clarity@ standard
could be met by a statement such as A[t]his
judgment finally disposes of all parties and all claims and is appealable.@  Id. at 206.  However, A[l]anguage that the plaintiff take
nothing by his claims in the case . . . . shows
finality if there are no other claims by other parties . . . .@ 
To determine whether an order disposes of all pending claims and
parties, the appellate court may also look to the record.  Id. at 205-06.  The court instructed intermediate courts to
err on the side of preserving appeals by ensuring that the right of appeal is
not lost by an overly technical application of the law.  Id. at 205.

The
Dairy moved for summary judgment on all claims asserted against it by
the Aguilars. 
The trial court rendered judgment that the Aguilars
Atake nothing by their suit against
LVDVD, L.C.@  The Atake
nothing@ language
used in the order is sufficient to meet the Aunmistakable
clarity@ standard
of Lehmann.[2]  While more than one defendant was involved in
the case, the Dairy was the sole movant on the
no-evidence motion for summary judgment and the motion was granted as to the
Dairy only.  There were no other claims
by any other parties.  The order made
specific mention of Anthony C. Aguilar and Susan B. Aguilar as plaintiffs and
the Dairy as the defendant.  We conclude
that the order granting summary judgment disposed of all claims by the Aguilars against the Dairy, including the cause of action
for a permanent injunction, and that it was a final, appealable
order.  Point of Error
No. Eight is overruled.  The
judgment of the trial court is affirmed.

 








July 25, 2002

                                                                         

ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 5

McClure, Chew,
and Preslar, JJJ.

(Preslar,
sitting by assignment)

 

(Do Not Publish)











[1]  The motion was
styled, AAnthony C. Aguilar, et al. Plaintiffs v. Enrique A.
Trujillo, et al. Defendants.@  The motion is
entitled ALVDVD, L.C.=s Motion for Summary Judgment.@





[2]  While there
are no published opinions that have reviewed the use of Atake nothing@
language in a decree under the standard set out in Lehmann,
in an unpublished opinion, the Houston Court of Appeals held these words were Aequivalent to the language Lehmann
uses to illustrate finality@ and thus deemed the judgment final for purposes of
appeal.  See Hodde
v. Portanova, No. 14-99-00656-CV (Tex.App.--Houston [14th Dist.] March 8, 2001)(not designated for publication), 2001 WL 224940.  However, in Hodde,
the order made a general reference to Aplaintiffs@ take nothing rather than a specific reference to the
parties themselves, as in the instant case.